# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARIA MACLIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 96-07198     John P. Colton, Jr., Judge**

---

**No. W2010-00123-CCA-R3-PC  - Filed March 15, 2011**

---

The Petitioner, Maria Maclin, appeals from the Criminal Court of Shelby County's dismissal of her petition for post-conviction relief.  The State filed a motion requesting this court to affirm the post-conviction court's order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Upon review, we grant the State's motion and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and ALAN E. GLENN, JJ., joined.

Brett B. Stein, Memphis, Tennessee for the petitioner-appellant, Maria Maclin.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner was convicted of second degree murder.  Following the imposition of a twenty-two year sentence for this conviction, the Petitioner filed a direct appeal, arguing that the trial court:  (1) erred in defining the term "reasonable" for the jury and erred in giving a "dynamite charge" to the jury; and (2) imposed an excessive sentence.  State v. Maria Maclin, No. 02C01-9710-CR-00383, 1998 WL 517839, at *1 (Tenn. Crim. App., at Jackson, Aug. 21, 1998), perm. to appeal denied (Tenn. Mar. 8, 1999).  On appeal, this court affirmed the Petitioner's conviction and sentence.  Id.  Because this court set out a summary of the facts on direct appeal and because the facts are not relevant to the instant appeal, we will not repeat them here.

The Petitioner then timely filed a pro se petition for post-conviction relief,[1] alleging ineffective assistance of counsel. Following the appointment of counsel and the filing of amended post-conviction petitions, the lower court conducted an evidentiary hearing before denying post-conviction relief. The Petitioner again appealed, and this court affirmed the denial of post-conviction relief. Maria Maclin v. State, No. W2003-02667-CCA-R3-PC, 2004 WL 2715342, at *1 (Tenn. Crim. App., at Jackson, Nov. 24, 2004), perm. to appeal denied (Tenn. May 23, 2005).

On July 17, 2007, the Petitioner filed a motion to reopen her post-conviction petition, claiming for the first time on appeal that the evidence was insufficient to support her conviction and asserting that the jury instructions defining "intentional" and "knowing" for the offenses of second degree murder and voluntary manslaughter were unconstitutional. On September 7, 2007, the lower court denied the motion to reopen after determining that the Petitioner failed to allege sufficient grounds for reopening her first post-conviction petition. On October 1, 2007, the Petitioner filed a notice of appeal document. On January 9, 2009, this court entered an order concluding that it did not have jurisdiction of the matter because the Petitioner failed to comply with the statutory requirements for appellate review of a lower court's denial of a motion to reopen. See State v. Maria Maclin, No. W2007-02274-CCA-R3-PC, order dismissing appeal (Tenn. Jan. 9, 2009). Specifically, the court noted that the Petitioner failed to comply with the statutory requirements because: (1) the Petitioner failed to file a timely application, since the Petitioner was required to file an application for permission to appeal the denial of a motion to reopen within ten days of the lower court's ruling, see T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28 § 10(b); (2) the Petitioner failed to include a copy of her motion to reopen the post-conviction petition or a copy of the State's response to her notice of appeal document, see T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(b); and (3) the court could not construe the October 1, 2007 notice of appeal document as an application for permission to appeal because the document was not filed within the ten-day deadline and because there was nothing in the document that provided sufficient grounds to reopen the post-conviction petition, see Graham v. State, 90 S.W.3d 687, 691 (Tenn. 2002). Moreover, in considering the motion to reopen, this court determined that even if the application had been properly filed, the application would fail on its merits because its allegations did not fall within the limited exceptions for reopening a post-conviction petition as stated in Tennessee Code Annotated section 40-30-117(a)(1) - (3). See Maria Maclin, No. W2007-02274-CCA-R3-PC. Finally, in dismissing the motion, this court concluded that the lower court did not abuse its discretion in summarily dismissing the motion to reopen. Id.

---

[1]The record does not include a copy of the Petitioner's first petition for post-conviction relief; however, the record as a whole indicates that this first post-conviction petition was timely filed.

On November 4, 2009, the Petitioner, through counsel, filed her second post-conviction petition. In it, she alleged that despite this court's order dismissing her appeal of the lower court's denial of her motion to reopen, she was nevertheless "entitled to have a full and fair hearing on the issues raised in her Motion to Reopen by the Court of Criminal Appeals." The Petitioner also alleged that she was denied her right to due process regarding the insufficiency of the evidence and the improper jury instructions issues in her motion to reopen her post-conviction petition. The State filed a response requesting that the post-conviction court summarily dismiss the petition because: (1) the Court of Criminal Appeals had already concluded that the Petitioner had failed to comply with the statutory requirements for appealing the lower court's denial of a motion to reopen; (2) the Court of Criminal Appeals had already held that, even if the application for permission to appeal had been appropriately filed, the application would fail on its merits because the allegations in the motion to reopen did not fall within the limited exceptions in which a prior petition for post-conviction can be reopened, see T.C.A. § 40-30-117; Maclin, W2007-02274-CCA-R3-PC; and (3) the Petitioner's first post-conviction petition was resolved on the merits by a court of competent jurisdiction, and this second petition constituted a successive petition, see T.C.A. § 40-30-102(c). On December 15, 2009, the post-conviction court summarily dismissed the second petition for post-conviction relief after adopting the State's reasoning. The Petitioner subsequently filed timely notice of appeal to this court.

In the instant appeal, the Petitioner acknowledges that this court previously dismissed the appeal of the lower court's denial of her motion to reopen for lack of jurisdiction; however, she argues that she is nevertheless entitled to review by this court because she included the allegations raised in her motion to reopen in her second post-conviction petition. She also argues that her due process rights were denied regarding the issues of insufficiency of the evidence and improper jury instructions and that these issues can be reviewed by this court for plain error.

In response, the State has filed a motion to affirm the post-conviction court's summary dismissal of the second post-conviction petition under Rule 20 of the Rules of the Court of Criminal Appeals. In support of this motion, the State first argues that the Post-Conviction Procedure Act clearly provides that second or successive petitions must be summarily dismissed. See id. § 40-30-102(c). The State asserts that because the Petitioner's first post-conviction petition was heard and decided on its merits and the Petitioner was able to appeal that decision, the new post-conviction petition fails to "present any meritorious grounds for relitigating this case." The State likewise argues that all of the Petitioner's issues have been either waived or previously determined. See id. § 40-30-106(g)-(h). Second, the State argues that none of the Petitioner's allegations fall within the limited exceptions for filing a motion to reopen post-conviction proceedings. See T.C.A. § 40-30-117(a). Third, it contends that despite the arguments of the Petitioner, the claims of insufficiency of the evidence and

improper jury instructions cannot be reviewed by this court as plain error. See State v. West, 19 S.W.3d 753, 755-57 (Tenn. 2000) (holding that plain error review is not applicable in post-conviction proceedings where the claims have been waived or previously determined). Finally, the State contends that "[a] petitioner may not cure a failed attempt at appealing a properly-dismissed motion to reopen by simply filing a 'new' pleading based on the same grounds, labeling it a post-conviction petition, and essentially asking for a do-over." We agree with the State.

Pursuant to section 40-30-102(a), a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a) (2009). Moreover, section 40-30-102(c) states that "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." Here, the record indicates that the Petitioner filed her first post-conviction petition within the one-year statute of limitations for post-conviction relief, and it was dismissed following an evidentiary hearing. The Petitioner then filed her July 17, 2007 motion to reopen her post-conviction petition, which was denied by the lower court and dismissed on appeal. The Petitioner subsequently filed her second petition for post-conviction relief on November 4, 2009, well outside the one-year statute of limitations. After considering the second post-conviction petition, the post-conviction court summarily dismissed the second petition.

Initially, we note that section 40-30-102(c) of the Post-Conviction Procedure Act states, "If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." We agree with the State that the Petitioner's first post-conviction petition was resolved on its merits and that the lower court acted properly in summarily dismissing her second post-conviction petition on that basis. We also agree that the issues the Petitioner seeks to raise in her second petition are either waived or previously determined. See T.C.A. § 40-30-106(g)-(h).

Furthermore, we agree with the State that the Petitioner's allegations do not fall within the limited exceptions for reopening a first post-conviction petition. Tennessee Code Annotated section 40-30-117(a) provides:

(a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not

recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

We conclude that the lower court acted properly in summarily dismissing the second post-conviction petition. Although the Petitioner argues that her due process rights were violated, she does not argue that she is entitled to a tolling of the one-year statute of limitations for due process concerns. Moreover, we conclude that due process tolling is not a legitimate consideration in this case. Accordingly, the Petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the post-conviction court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the post-conviction court. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE