# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 25, 2011 Session

## BILLIE JOE WELCH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Roane County**
**No. 13764     Jon K. Blackwood, Judge**

_____

**No. E2010-01060-CCA-R3-PC-FILED-OCTOBER 5, 2012**

_____

The Petitioner, Billie Joe Welch, appeals as of right from the Roane County Criminal Court's denial of his petition for post-conviction relief. The Petitioner was convicted of second degree murder, a Class A felony. He received a sentence of eighteen years as a Range I, violent offender. The Petitioner challenges the denial of his petition for post-conviction relief as well as the performance of trial and appellate counsel. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J, delivered the opinion of the court, in which NORMA MCGEE OGLE, J., and D. KELLY THOMAS, JR., J., joined.

Robert L. Vogel, Knoxville, Tennessee, for the appellant, Billie Joe Welch.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Russell Johnson, District Attorney General; and Frank Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On direct appeal, the Petitioner challenged the sufficiency of the evidence; his sentence; the jury instruction on second degree murder; the trial court's response to a jury question during deliberation; and the effectiveness of trial counsel. This court affirmed the conviction and sentence and determined that the Petitioner received effective assistance of counsel at trial. *State v. Billie Joe Welch*, No. E2005-02293-CCA-R3-CD, 2006 WL 2737830, at *1 (Tenn. Crim. App., at Knoxville, Sept. 26, 2006), *perm. app. denied*, (Tenn.

Feb. 26, 2007). Although the facts of the Petitioner's case have already been discussed in this court's opinion affirming the Petitioner's conviction on direct appeal, we will provide the following factual summary to establish context for the Petitioner's issues before this court. *See id.*

This case arose from the Petitioner's involvement in the death of his wife, Shirley Welch. *Id.* A sergeant with the Kingston Police Department was dispatched to the Roane County Sheriff's Office to assist with a "potential situation." Once there, the sergeant encountered the Petitioner, who appeared disoriented and upset before confessing that he killed his own wife with a .9 millimeter automatic. The Petitioner was told not to say anything else and was secured until he could be *Mirandized*. Upon arrival at the Petitioner's home, Mrs. Welch's body was found in a small barn on the property. She had been shot twice at what appeared to be close range. The Petitioner later gave a statement to police during which he claimed that during a discussion about division of property in their pending divorce, he and his wife started to "scuffle" over a gun. *Id.* at *2. He did not "remember" exactly what happened but remembered the gun going off and a bullet hitting his wife near the left eye. The Petitioner testified at trial, basically reiterating the story he recounted in his statement to police. *Id.* at *5. The Petitioner added that he had actually intended to use the gun to commit suicide, even pointing it at his head and pulling the trigger. The Petitioner testified at trial that he never pointed the gun at the victim and never intended to kill her. At trial, evidence was introduced that there was an order of protection taken out by the victim against the Petitioner prior to the incident.

The Petitioner was convicted of the lesser included offense of second degree murder. On appeal, this court determined that the evidence was sufficient to support the conviction. *Id.* at *6. This court also addressed the issues regarding ineffective assistance of counsel as raised by the Petitioner. Specifically, this court found that trial counsel was not ineffective in the following areas: (1) failing to call rebuttal witnesses Brittany Rena Rich, Gilbert Howard, and Rachael Lee Barry; (2) failing to address the absence of testing for gunshot residue on the Petitioner; (3) failing to connect the Petitioner with the murder weapon; (4) failing to suppress the written statement; (5) failing to object to the introduction of the order of protection; (6) failing to explore a defense based on state of mind or provocation; (7) conceding during trial that the killing was unlawful; (8) failing to object to the lack of jury admonition; (9) failing to object to the State's improper comments with regard to guilt and innocence; and (10) failing to object to a videotape edited by the State. *Id.* at *7-13. This court also determined that the trial court properly charged the jury on second degree murder and addressed what the Petitioner asserted was an improper ex parte communication by the judge with the jury during deliberations. *Id.* at *14-16. Lastly, this court reviewed the Petitioner's sentence concluding that no reversible error existed in any of these areas. This court affirmed the conviction. *Id.* at *17.

The Petitioner filed a timely petition for post-conviction relief, in which he alleged that trial and appellate counsel[1] were ineffective. The nearly seventy-page pro se petition for post-conviction relief claimed that: (1) trial counsel failed to properly investigate the case; (2) appellate counsel failed to challenge ineffectiveness of trial counsel on direct appeal with regard to investigation; (3) trial counsel was ineffective during discussions of a potential plea agreement; (4) trial counsel was ineffective because she conceded the unlawfulness of the killing at trial, effectively preventing a conviction on a lesser included offense; (5) trial counsel failed to object to erroneous jury instructions; appellate counsel was ineffective for failing to raise the jury instruction issue in a motion for new trial or on appeal; (6) trial counsel was ineffective on cross-examination of Petitioner; (7) appellate counsel was ineffective for failing to raise ineffective assistance on a motion for new trial or direct appeal with regard to cross-examination; (8) trial counsel was ineffective for failing to secure evidence about gunpowder residue and fingerprints; (9) appellate counsel was ineffective for failing to raise ineffective assistance in a motion for new trial or on appeal with regard to gunpowder and fingerprints; (10) trial counsel was ineffective in failing to "move to preserve and document the record in regards to the issue of the jury question" and the judge's response to that question; (11) appellate counsel was ineffective for failing to raise the jury question issue on direct appeal and failing to raise ineffectiveness of trial counsel with respect to this issue; (12) trial counsel was ineffective during jury selection; (13) appellate counsel was ineffective for failing to raise ineffectiveness of trial counsel with regard to jury selection in a motion for new trial or on appeal; (14) appellate counsel was ineffective for failing to raise an issue with regard to suppression of exculpatory evidence on direct appeal; (15) appellate counsel was ineffective for failing to raise a challenge to an enhanced sentence under *Apprendi v. New Jersey*, 530 U.S. 456 (2000) on appeal; (16) appellate counsel was ineffective for failing to ensure the accuracy and completeness of the record with regard to the jury instruction issue; (17) appellate counsel was ineffective for "abandoning" Petitioner's issues with the exception of the jury issue on Rule 11 appeal; and (18) Petitioner was denied due process by the State's suppression of exculpatory gunshot residue tests and the previous history of investigator Jon French. After counsel was appointed, an amended petition was filed. The amended petition listed over one-hundred specific allegations of ineffective assistance of counsel on the part of both trial and appellate counsel.

A post-conviction hearing was held over several days. At the hearing, appellate counsel testified that he was retained only to represent the Petitioner on the motion for new trial and appeal. Appellate counsel is a criminal defense attorney and had been practicing for twenty-one years at the time of the hearing. However, he was unaware until the morning

---

[1] After trial, but prior to the filing of the motion for new trial and appeal, trial counsel was allowed to withdraw and the Petitioner retained a new counsel. To distinguish between the two attorneys, they will be referred to as trial counsel and appellate counsel. A third attorney represents Petitioner in the post-conviction proceedings.

of the hearing on the post-conviction petition that he would be testifying and apologized that he could not remember all the minute details of the case.

When questioned, Appellate counsel stated that it was his understanding the Petitioner originally hired trial counsel's law partner to represent him at trial. Shortly after the Petitioner hired the attorney, she died unexpectedly. Trial counsel took over the case. Appellate counsel asked trial counsel to testify at the hearing on the motion for new trial because he was trying to show that she was ineffective at the trial level.

Specifically, appellate counsel was under the impression that trial counsel did not have adequate trial experience to represent the Petitioner. Appellate counsel wanted trial counsel to testify at the hearing to question her about something that occurred during jury deliberation at trial. As appellate counsel understood from speaking with the Petitioner, the jury could not reach a decision and submitted a question to the judge during deliberation. After discussing the matter with the parties, the trial judge went into the jury room alone and instructed the jury to proceed with voluntary manslaughter if they could not reach a decision on second degree murder. Appellate counsel thought that the instruction should have been given in open court on the record. When questioned at the hearing, trial counsel testified that she understood what the trial judge intended to tell the jury and was comfortable with the procedure because the trial judge was actually standing in the door to the jury room when he gave the additional instructions to the jury. Appellate counsel did not ask trial counsel why she did not insist on having the instruction given to the jury on the record. Appellate counsel explained that he was hesitant to ask too many questions of trial counsel at the hearing because he knew her trial strategy was to attempt to get the jury to convict the Petitioner of voluntary manslaughter. Appellate counsel did not agree with this strategy but was aware of the standard for relief in a claim of ineffective assistance of counsel and the deference placed on trial strategy.

Appellate counsel did not interview trial co-counsel and did not call her to testify at the hearing on the motion for new trial. However, appellate counsel sent the trial transcript to an attorney, Ralph Harwell, in Knoxville. Mr. Harwell reviewed the trial transcript and testified at the hearing on the motion for new trial. In Mr. Harwell's opinion, the Petitioner received ineffective assistance of counsel.

The trial judge testified at the post-conviction hearing. He recalled the trial and specifically, the jury deliberation process at the Petitioner's trial. The jury sent out two notes informing the trial judge that they were split on the second degree murder charge. The jury wanted to know if they should continue to discuss second degree murder until they reached a unanimous decision or if they should proceed to discuss voluntary manslaughter. The trial judge testified that he asked the attorneys if they preferred the trial judge write a note or to

reinstruct the jury. The attorneys agreed to allow the trial judge to reinstruct the jury. The trial judge testified that he did not go into the jury room but stood in the doorway and gave the jury instructions.

Trial counsel testified at the hearing on the petition for post-conviction relief. In December of 2002, the Petitioner contacted trial counsel's law partner about representation in his murder trial. Trial counsel and her partner went to see the Petitioner at the jail. The law partner passed away about a month later. Trial counsel contacted the Petitioner to notify him about the death. Trial counsel told the Petitioner that he could hire someone else. Trial counsel also told the Petitioner that she had worked with her partner on several criminal cases and had even handled several murder cases and several drug cases.[2] The Petitioner decided that he wished for the firm to continue representing him in his trial.

Trial counsel had the assistance of another attorney at the firm for preparation of the Petitioner's case. Trial counsel explained that she wanted to employ a forensic psychologist to explain the Petitioner's state of mind at the time of the incident. Trial counsel recalled that the Petitioner did not remember pulling the trigger. In her mind, this called the Petitioner's mens rea into question. The Petitioner did not agree with this strategy and refused to cooperate by seeing a forensic psychologist. Trial counsel's next idea with regard to strategy was to argue that there was no premeditation. She told Petitioner that she hoped for a conviction of voluntary manslaughter at trial.

Trial counsel admitted that she did not seek the services of a firearms expert or file a motion to suppress because she did not intend to dispute the Petitioner's responsibility for his wife's death. Instead, her strategy was to show that it was not first degree murder. Similarly, trial counsel did not attempt to keep the order of protection from being admitted during trial because she was trying to show the love/hate relationship that existed between the Petitioner and his wife. Trial counsel testified that her strategy was to show that the crime was committed in the heat of passion.

Trial counsel expressed frustration over the Petitioner's lack of cooperation with the trial strategy. Trial counsel was questioned at length during the hearing on the post-conviction petition about information that was not in her file. Trial counsel explained that

<hr />

[2]At the hearing, trial counsel could only recall one specific case on which she had assisted her law partner. She insisted that there were other cases but was not prepared to answer this question at the hearing. Trial counsel agreed to provide a list of cases to the post-conviction court at a later time. Post-conviction counsel filed a motion for contempt against trial counsel when she failed to provide the list of cases. A hearing was held on the motion. At the hearing, trial counsel was able to name several cases that she claimed to have worked on with her partner. Trial counsel's name did not appear on the pleadings in these cases.

after trial, she gave her entire file and trial notebook to appellate counsel. She insisted that any missing items were not returned to her after appellate counsel took over the case.

Michael Barry, the Petitioner's nephew, testified at the hearing. Prior to trial, he heard Kyle, the Petitioner's son, state that he had not seen anything on the day that his mother was shot. Kyle testified at trial that he saw the Petitioner drag his mother out to a shed behind the house and later heard loud sounds. Mr. Barry insisted that he gave this information to trial counsel prior to trial.

The Petitioner took the stand at the hearing on the petition for post-conviction relief. He complained that both trial counsel and appellate counsel were ineffective. Specifically, the Petitioner alleged that his inability to provide appellate counsel with additional money made appellate counsel "just quit trying to do anything for [him]." The Petitioner complained about the fact that appellate counsel did not raise issues regarding jury instructions, fingerprint evidence, gunshot residue, sentencing, or jury bias in the motion for new trial as he requested.

As for trial counsel, the Petitioner testified that trial counsel claimed she was an expert lawyer for murder cases and "stuff." The Petitioner stated that he hired trial counsel's law partner and was upset when she died because he had already given her a large retainer fee. The Petitioner stated he was unaware that he could get any of that money back from trial counsel.

The Petitioner recalled trial counsel's request that he see a psychiatrist. The Petitioner testified that he thought he would have had to pay $6,000 out of pocket because his health insurance would not cover the appointment.

The Petitioner recalled discussing the case with trial counsel but insisted that trial counsel did not hold a "mock trial" or go over discovery materials with him prior to trial.

In a written order, the post-conviction court denied the petition for post-conviction relief. Very succinctly, the post-conviction court noted that the issue was:

> [W]hether a petitioner, who elects to raise the issue of ineffective assistance of counsel at the motion for new trial and on direct appeal, may file a Petition for Post Conviction alleging that appellate counsel was ineffective at the motion for new trial and appeal in his presentation of ineffective assistance of trial counsel.

The post-conviction court determined that, in accordance with Tennessee Code Annotated section 40-30-102, a petitioner may only file one petition for post-conviction relief unless one of certain specified grounds exist to reopen the petition. The post-conviction court determined that the issues presented by the Petitioner relating to trial counsel had been previously determined as stated in Tennessee Code Annotated section 40-30-106(h). The post-conviction court examined the Petitioner's claim that appellate counsel was ineffective for raising ineffectiveness at the motion for new trial and on appeal. The post-conviction court noted that this court, despite an admonition against counsel regarding this practice, addressed the Petitioner's issues and found them to be without merit. As to the issue of ineffective assistance with respect to appellate counsel's failure to prove that trial counsel was ineffective, the post-conviction court determined that the Petitioner had to "show that appellate counsel was ineffective [on appeal] . . . [and] that trial counsel was ineffective at trial." After examining each allegation of ineffective assistance of counsel, the post-conviction court determined that the Petitioner failed to meet his burden. The post-conviction court's findings on each issue will be discussed as they arise in this opinion.

ANALYSIS
I. Alleged Ineffective Assistance of Trial and Appellate Counsel

A. Trial Counsel

On appeal from the denial of post-conviction relief, the Petitioner claims that trial counsel was ineffective for various reasons. The Petitioner admits, however, that appellate counsel "foreclosed the finding of ineffective assistance of [trial counsel] by raising it on [direct] appeal." The State agrees.

At the outset, we note well-established precedent that any issue that has been previously determined against the Petitioner by another court in a prior proceeding cannot be raised in a general post-conviction proceeding. Tenn. Code Ann. § 40-30-106(f). A ground for relief is "previously determined" if it was addressed on the merits by a court of competent jurisdiction after a full and fair hearing, at which a petitioner was afforded the opportunity to call witnesses and present evidence. Tenn. Sup. Ct. R. 28, § 2(E); Tenn. Code Ann. § 40-30-106(f); *House v. State*, 911 S.W.2d 705 (Tenn. 1995). It does not matter if the petitioner actually presented evidence at the hearing; it is merely whether he was afforded a forum in which to do so. Tenn. Code Ann. § 40-30-106(f). Further, any issue raised that could have been presented for determination at the trial or appellate level is deemed waived for purposes of post-conviction relief. *Id.* § 40-30-106(g). An issue raised in a post-conviction appeal that is deemed waived may not be further reviewed under the plain error doctrine. Tenn. R. Crim. P. 52(b); *State v. West*, 19 S.W.3d 753, 754 (Tenn. 2000).

In the case herein, the Petitioner admits that any issue with regard to the effectiveness of trial counsel was "foreclosed" by appellate counsel when appellate counsel chose to raise ineffective assistance of counsel issues on direct appeal. Indeed, many allegations of ineffective assistance of counsel with respect to trial counsel were raised on direct appeal, *see Billie Joe Welch*, 2006 WL 2737830, at *7-13. Any other complaint that trial counsel was somehow ineffective are now waived. The Petitioner is not entitled to relief on this issue.

## B. Appellate Counsel

With respect to the ineffective assistance of appellate counsel, the Petitioner claims that appellate counsel was ineffective for: (1) raising ineffective assistance of counsel on direct appeal; (2) failing to raise ineffective assistance of counsel issues that should have been included on direct appeal; and (3) inadequately questioning trial counsel at the new trial hearing to demonstrate the fact that trial counsel was inept at trial. He insists that the post-conviction court improperly determined that appellate counsel delivered effective assistance of counsel.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); *see Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. *Id.* at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The *Strickland* standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. *State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). The reasonableness of counsel's actions must be assessed on the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland*, 466 U.S. at 689.

After hearing the evidence at the hearing on the petition for post-conviction relief, the post-conviction court determined that in order to be successful, the Petitioner had to "not only show that appellate counsel was ineffective but that trial counsel was ineffective at trial."

The post-conviction court noted that appellate counsel only questioned trial counsel at the hearing on the motion for new trial about a jury question and possible ex parte communication with the jury regarding that question. Appellate counsel explained that he was so convinced that the trial court inappropriately conversed with the jury that he failed to develop other areas of trial counsel's ineffectiveness during the hearing on the motion for new trial. The testimony at the post-conviction hearing from both trial counsel and the trial judge indicated, however, that the jury question issue was addressed by the parties at the trial level. Further, this issue was raised on direct appeal. The post-conviction court determined that the Petitioner did not develop any additional proof on this matter at the hearing on the petition and failed to show that this issue affected the jury verdict. The evidence does not preponderate against this finding. The post-conviction court accredited the testimony of trial counsel and the trial judge with respect to the jury instruction issue. Further, this issue was reviewed by this court on direct appeal and no error was found. *Billie Joe Welch*, 2006 WL 2737830, at *15-16. The Petitioner is not entitled to relief on this issue.

The post-conviction court also accredited appellate counsel's testimony during which he claimed that he did not pursue any further questioning of trial counsel at the hearing on the motion for new trial because he did not want her to testify that her actions were part of a trial strategy. Further, appellate counsel testified that he had employed an expert witness to write a report concluding that trial counsel's actions were ineffective.[3]

The post-conviction court then chose to "review the various issues [of ineffective assistance of counsel] presented in [the] hearing to determine if there was any additional evidence that appellate counsel failed to develop that would have satisfied the two prongs of *Strickland*." In other words, the post-conviction court reviewed some of the allegations

---

[3] The post-conviction court noted that the report was not in the record but that this court had reviewed all of the issues of ineffective assistance of counsel and resolved them against the Petitioner. Upon review, the report appears in the technical record submitted to this court on appeal from denial of post-conviction relief.

of ineffective assistance of counsel[4] that had already been previously determined by this court on direct appeal.

Specifically, the post-conviction court discussed two affidavits that could have been utilized by trial counsel to impeach the testimony of the Petitioner's son at trial. The affidavits alleged that the son claimed he had not "seen or heard anything" on the day of his mother's death. Trial counsel explained that she did not call these witnesses as part of her trial strategy. The post-conviction court heard the testimony of one of the affiants and deemed it not credible. The post-conviction court also determined that even if trial counsel had called these witnesses, it would not have changed the outcome of the trial. The evidence does not preponderate against the determination of the post-conviction court. Further, this issue was raised and discussed on direct appeal. *Billie Joe Welch*, 2006 WL 2737830, at *9. The Petitioner is not entitled to relief.

The Petitioner asserted that trial counsel's failure to file a motion to suppress was ineffective. Again, this issue was raised and discussed on direct appeal. *Billie Joe Welch*, 2006 WL 2737830, at *10. The Petitioner is not entitled to relief.

The Petitioner argued that trial counsel was ineffective for failing to object to the introduction of an order of protection filed against Petitioner. Trial counsel testified that this was her strategy, employed to show that the relationship between the Petitioner and the victim was volatile. This issue was raised and discussed on direct appeal. *State v. Billie Joe Welch*, 2006 WL 2737830, at *11. The Petitioner is not entitled to relief.

Next, the Petitioner contended that trial counsel was ineffective because trial counsel conceded that the killing was unlawful without requiring the trial court to define unlawful for the jury. This issue was raised and discussed on direct appeal. *State v. Billie Joe Welch*, 2006 WL 2737830, at *12. The Petitioner is not entitled to relief.

The Petitioner claimed that trial counsel asked leading questions. At the hearing, the Petitioner did not point to any particular area of questioning that demonstrated his claim. The Petitioner also complained that trial counsel did not question the firearms examiner about whether the gun could have been fired in a manner consistent with his claim that the whole

---

[4] As an aside, the post-conviction court noted that there was some discrepancy throughout the proceedings about the degree of trial counsel's criminal trial experience prior to the Petitioner's trial. The post-conviction court pointed out that appellate counsel's investigation of trial counsel's experience revealed that she did not have much criminal trial experience. Trial counsel, however, testified that she had experience in criminal trials prior to the Petitioner's trial. The post-conviction court determined that this information, however interesting, bore little weight on the determination of ineffective assistance of counsel.

-10-

thing was an accident. The post-conviction court accredited trial counsel's testimony with regard to her theory attempting to show that the killing was done in the heat of passion. The conclusion does not preponderate against the finding of the post-conviction court. The Petitioner is not entitled to relief on this issue.

The Petitioner claimed that he was not properly prepared for his testimony and denies that he was prepared, like trial counsel testified, by utilizing a mock trial format. The post-conviction court accredited the testimony of trial counsel. The evidence does not preponderate against this conclusion. The Petitioner is not entitled to relief on this issue.

The Petitioner complains that no challenge was made to the search of his vehicle. He does not indicate on what ground an attack would have been made. The Petitioner is not entitled to relief on this issue. He failed to present clear and convincing evidence to sustain his burden.

The Petitioner complains that trial counsel was ineffective because she solicited testimony from a witness who claimed that the Petitioner was a mischievous youth when in fact, the witness was testifying about the Petitioner's brother. The post-conviction court determined that the Petitioner failed to show how this testimony caused prejudice as trial counsel was merely trying to humanize the Petitioner. The Petitioner is not entitled to relief on this issue.

The Petitioner has failed to show that appellate counsel was ineffective by failing to raise certain allegations of ineffective assistance of counsel at the appellate level by failing to provide clear and convincing evidence that (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. *Strickland*, 466 U.S. at 687.

## II. CONCLUSION

Upon due consideration of the pleadings, the record, and the applicable law, this court concludes that the post-conviction court's denial of the petition for post-conviction relief was appropriate. The judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE

-11-