IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

# STATE OF TENNESSEE v. STEPHEN MICHAEL WEST

**Appeal from the Criminal Court for Union County**
**No. 629    John K. Byers, Senior Judge, by Designation**

---

**No. E1997-00166-SC-R11-PD - Decided May 12, 2000**
**FOR PUBLICATION**

---

We accepted review in this case to resolve the apparent conflict between Rule 52(b) of the Tennessee Rules of Criminal Procedure and Tenn. Code Ann. § 40-30-111 (1990) (repealed 1995), which limits the scope of review in post-conviction proceedings. In order to resolve this issue, we will also address whether the plain error rule should apply to claims deemed "previously determined" or "waived" under Tenn. Code Ann. § 40-30-112 (1990) (repealed 1995). We find that the appellant's (Stephen Michael West) current claim, which is being raised for the first time on post-conviction appeal, has been both "previously determined" by this Court pursuant to our statutorily-required review of his death sentence and "waived" because he failed to raise it on direct appeal. In such circumstances, Tenn. Code Ann. § 40-30-111 (1990) (repealed 1995) controls the scope of review and expressly prohibits post-conviction consideration of issues deemed "previously determined" or "waived." As such, the issue West now raises is beyond the scope of permissible post-conviction review, and Tenn. R. Crim. P. 52(b), is inapplicable. Accordingly, the judgment of the Court of Criminal Appeals is affirmed.

**Tenn. R. App. P. 11 Appeal by Permission from Appellate Court to Supreme Court; Judgment of the Court of Criminal Appeals is Affirmed**

BIRCH, J., delivered the opinion of the court, in which ANDERSON, C.J., and DROWOTA, HOLDER, and BARKER, JJ., joined.

Roger W. Dickson and Elisabeth B. Donnovin, Chattanooga, Tennessee, and John T. Milburn Rogers, Greeneville, Tennessee, for the appellant, Stephen Michael West.

Michael E. Moore, Solicitor General, Glenn R. Pruden, Senior Counsel, Marvin S. Blair, Assistant Attorney General, William Paul Phillips, District Attorney General, and Clifton Herbert Sexton, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION
I

In this appeal of a post-conviction proceeding, Stephen Michael West, the appellant, raises for the first time the issue whether evidence adduced at the sentencing phase of his trial was sufficient to support the jury's conclusion that he committed two murders for the purpose of avoiding arrest or prosecution. Although West casts the issue as concerning the evidentiary sufficiency of the (i)(6) aggravating circumstance, we think his grievance involves instead the constitutional issue of whether the aggravating circumstance narrows the class of death eligible offenders. He says that it does not, and because it does not, he contends that it violates the Eighth Amendment. Pursuant to Tenn. Code Ann. § 40-30-112 (1990) (repealed 1995), we find that the issue now raised by West has been both "previously determined" by this Court in our statutorily-required direct appeal review of his death sentences and "waived" by his failure to present it on direct appeal. Thus, under Tenn. Code Ann. § 40-30-111 (1990) (repealed 1995), we hold that West's post-conviction evidentiary claim is outside the scope of permissible post-conviction review and that Tenn. R. Crim. P. 52(b), is inapplicable to West's claims. Under these circumstances, we affirm the decision of the Court of Criminal Appeals.

II

In 1987, West was convicted of two counts of first degree murder (premeditated),[1] two counts of aggravated kidnapping,[2] and one count of aggravated rape.[3] The jury, following a hearing on punishment, determined that three aggravating factors were present. They were:

1.  The murders were especially heinous, atrocious, or cruel,[4]

2.  The murders were committed while West was engaged in the commission of first degree murder, rape, or kidnapping,[5] and

3.  The murders were committed to avoid arrest or prosecution.[6]

Based upon the above, the jury found the sentence of death was warranted for each of the murder convictions; for each of the three other convictions, the trial court imposed a sentence of 40 years.

---

[1] See Tenn. Code Ann. § 39-2-202(a) (1982) (repealed 1989).

[2] See Tenn. Code Ann. § 39-2-301(a) (1982) (repealed 1989).

[3] See Tenn. Code Ann. § 39-2-603(a) (1982) (repealed 1989).

[4] See Tenn. Code Ann. § 39-2-203(i)(5) (1982) (repealed 1989).

[5] See Tenn. Code Ann. § 39-2-203(i)(7) (1982) (repealed 1989).

[6] See Tenn. Code Ann. § 39-2-203(i)(6) (1982) (repealed 1989).

West appealed these convictions and sentences. He raised several issues on direct appeal; however, the narrowing function of the (i)(6) aggravating circumstance was not among them. We affirmed these judgments of conviction and sentence in State v. West, 767 S.W.2d 387 (Tenn. 1989).

In 1990, West filed a petition for post-conviction relief. He alleged various errors, included among which was the contention concerning the narrowing function in this case of the (i)(6) aggravating circumstance.[7] The trial court denied the petition. The Court of Criminal Appeals, considering this evidentiary issue, stated that "the claims advanced by [West] could have been raised on direct appeal but were not" and affirmed the trial court's denial of the petition.

Rule 52(b), Tenn. R. Crim. P., is known as the "plain error" rule and provides:

> An error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice.

At the times here pertinent, the Post-Conviction Procedure Act (the Act) limited the scope of post-conviction proceedings to "all grounds the petitioner may have, except those grounds which the Court finds should be excluded because they have been waived or previously determined. . . ." Tenn. Code Ann. § 40-30-111 (1990) (repealed 1995). The issue, then, is whether Rule 52(b) may be applied in post-conviction proceedings to issues that would otherwise be deemed "previously determined" or "waived."

### III

At the time of the underlying events, the Act defined the terms "previously determined" and "waived" as follows:

> (a)      A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing.
>
> (b)(1)  A ground for relief is waived if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.

---

[7]As stated, the jury found that West had participated in the killings "for the purpose of avoiding, interfering with, or preventing a lawful arrest or prosecution of the defendant or another . . . ." Tenn. Code Ann. § 39-2-203(i)(6) (1982) (repealed 1989).

> (2)    There is a rebuttable presumption that a ground for relief not
> raised in any such proceeding which was held was waived.

Tenn. Code Ann. § 40-30-112(a), (b)(1), (b)(2) (1990) (repealed 1995).

In 1995, this Court had occasion to interpret the above-referenced statute and clarify the terms "previously determined" and "waived." See House v. State, 911 S.W.2d 705, 710-11, 713-14 (Tenn. 1995). In House, we found the defendant's claims to be "previously determined" under Tenn. Code Ann. § 40-30-112(a) because the defendant had received a full and fair hearing. See id. at 711. We held that a "'full and fair hearing' sufficient to support a finding of previous determination occurs if a petitioner is given the opportunity to present proof and argument on the petition for post-conviction relief." Id. at 714. We further held that "[w]aiver in the post-conviction context is to be determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney." Id.

In apparent contradiction to the "previously determined" and "waived" provisions of the Act is Tenn. R. Crim. P 52(b). West insists that Rule 52(b) applies to post-conviction appellate proceedings because the plain language of the rule states that it may apply "at any time" to any error affecting a substantial right. See Tenn. R. Crim. P. 52(b). Furthermore, argues West, the Court of Criminal Appeals has already applied the plain error rule in a post-conviction proceeding involving an issue not raised on direct appeal. See Coker v. State, 911 S.W.2d 357 (Tenn. Crim. App. 1995) no application for perm. to app. filed. Finally, West points to cases on direct appeal in which this Court has applied Rule 52(b) to restore issues that have been waived or abandoned and argues that the rationale for applying Rule 52(b) to those cases should apply equally to post-conviction proceedings.[8]

On the other hand, the State contends that according to Tenn. Code Ann. § 40-30-111 (1990) (repealed 1995), a court considering a post-conviction claim has no jurisdiction to consider any claim that has been "previously determined" or "waived." The State's position is that West waived, pursuant to Tenn. Code Ann. § 40-30-112(b), his sufficiency of sentencing evidence claim by failing to raise it on direct appeal. Furthermore, says the State, West's sentencing issue was not only "waived" under Tenn. Code Ann. § 40-30-112(b)(1) but also "previously determined" pursuant to Tenn. Code Ann. § 40-30-112(a) due to this Court's statutorily-required automatic review of the evidentiary sufficiency of both conviction and sentence in all cases in which the death penalty is imposed. See Tenn. Code Ann. § 39-2-205 (1982) (repealed 1989).

---

[8]See State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999) (stating that "[a]n error affecting the substantial rights of the accused may be noticed at any time where necessary to do substantial justice"); State v. Carter, 988 S.W.2d 145, 152 (Tenn. 1999) (finding that "[a]n error that affects a substantial right of a defendant may be raised at any time where necessary to do substantial justice" under Rule 52(b)).

After careful consideration, this Court is drawn to the logic of the State's arguments. Under Tenn. Code Ann. § 40-30-112(b), when West failed to raise the (i)(6) issue on direct appeal, he effectively blocked any consideration of this issue by this Court on post-conviction review. Additionally, under Tenn. Code Ann. § 39-2-205(c)(3) (1982) (repealed 1989), this Court was required in all cases in which the death penalty was imposed to automatically consider whether the "evidence supports the jury's finding of a statutory aggravating circumstance or statutory aggravating circumstances. . . ." Tenn. Code Ann. § 39-2-205(c)(3) (1982) (repealed 1989). Pursuant to these mandatory provisions, this Court found that the requirements of the statute had, in fact, been met in West's case. State v. West, 767 S.W.2d 387, 402-03 (Tenn. 1989). Thus, we conclude that the issue under discussion has, indeed, been both "previously determined" and "waived," under the definitions provided in Tenn. Code Ann. § 40-30-112(a) and (b).

West suggests that the plain error rule has been applied in post-conviction cases, and he cites Coker as authority. We note that Coker was decided in 1995, before this Court's adoption of Rule 28, § 3(B) of the Supreme Court Rules. Rule 28, § 3(B) of the Supreme Court Rules provides that "[n]either the Tennessee Rules of Civil Procedure nor the Tennessee Rules of Criminal Procedure apply to post-conviction proceedings except as specifically provided by these rules." Tenn. Sup. Ct. R. 28, § 3(B). The remaining Supreme Court Rules do not specifically provide for the application of Tenn. R. Crim P. 52(b) to post-conviction cases. Thus, to the extent that Coker conflicts with Rule 28, it has been impliedly overruled by the subsequent adoption of Rule 28. See Tenn. Code Ann. § 16-3-406 (1994) (stating that after Supreme Court rules become effective, "all laws in conflict therewith shall be of no further force or effect."). We further note that no application for permission to appeal was filed by either the State or Coker. In such circumstances, this Court has not given approval to the Court of Criminal Appeals's decision.[9]

In essence, West is asking this Court to abandon the statutorily-created doctrines of "previously determined" and "waived" in favor of an open- and possibly never-ending approach to post-conviction review. While recognizing that we are charged to provide a post-conviction forum in which those convicted of crimes may raise legitimate claims within a meaningful time and manner, we must balance this commitment with the need for finality of judgments. See Villanueva v. State, 883 S.W.2d 580 (Tenn. 1994); Archer v. State, 851 S.W.2d 157 (Tenn. 1993); State v. Mixon, 983 S.W.2d 661 (Tenn. 1999).

We point out again that West's petition was brought under the Post-Conviction Procedure Act that was repealed in 1995. Our holding here, however, though applying to that Act, applies equally to proceedings brought under the Post-Conviction Procedure Act currently in force.

---

[9]Another case cited as possible support for West's position, Bentley v. State, 938 S.W.2d 706 (Tenn. Crim. App. 1996) no application for perm. to app. filed, was decided on September 18, 1996, before enactment of the most recent version of Tennessee Supreme Court Rule 28, § 3(B). As such, this case is implicitly overruled to the extent that it conflicts with Supreme Court Rule 28. Further, neither Bentley nor the State pursued an appeal in this case as well.

IV

For the foregoing reasons, pursuant to Tenn. Code Ann. § 40-30-112 (1990) (repealed 1995), we find that the issue now raised by West for the first time on post-conviction appeal has been both "previously determined" by this Court in our statutorily-required direct appeal review of his death sentences and "waived" by his failure to raise it on direct appeal. As such, pursuant to Tenn. Code Ann. § 40-30-111 (1990) (repealed 1995), we hold that Tenn. Code Ann. §§ 40-30-111 and -112(a) (b) effectively prevent the application of Rule 52(b), and we affirm the judgment of the Court of Criminal Appeals.

Costs of this appeal shall be taxed to West.