IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## ERIC T. ARMSTRONG. v. STATE OF TENNESSEE

**Circuit Court for Williamson County**
**No. CR031006   R.E. Lee Davies, Judge**

---

**No. M2007-01393-CCA-R3-PC - Filed December 13, 2007**

The Appellant appeals the trial court's dismissal of his petition for post conviction relief.  The Appellant has presented a new claim on appeal.  The Court concludes that the claim is waived due to Appellant's failure to raise it in his petition below.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH, J., and THOMAS T. WOODALL, J., joined.

Angela R. Hoover, for the Appellant.

Robert E. Cooper, Jr., Attorney General & Reporter; Renee W. Turner,Assistant Attorney General, for the Appellee, State of  Tennessee.

### MEMORANDUM OPINION

In January 2003, the Appellant was convicted of especially aggravated kidnapping and aggravated robbery, and he received an effective sixteen year sentence.  See State v. Eric T. Armstrong, No. M2003-00762-CCA-R3-CD, 2004 WL 1208871 (Tenn. Crim. App., Jun. 2, 2004), perm. to app. denied, (Tenn., Nov. 15, 2004).  The Appellant timely filed a petition for post-conviction relief on March 30, 2005.  The Appellant asserted several grounds for relief, including an ineffective assistance of counsel claim.  The trial court issued a preliminary order appointing counsel.  However, counsel subsequently filed a certificate stating that, upon her review of the case, the original petition prepared by the Appellant, pro se, raised all non-frivolous grounds warranted and she would not be filing an amended petition.  Following a hearing on the petition, the trial court concluded that the Appellant was not entitled to post-conviction relief.  The Appellant appealed, and the State has filed a motion to affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  For the reasons stated below, the Court finds this motion to be well-taken.

In his brief on appeal, the Appellant presents one assignment of error, that he was denied effective assistance of counsel because counsel failed to request an instruction on a lesser included offense. Similarly, he claims it was plain error for the trial court not to give the instruction despite the lack of a request. Although the Appellant raised several grounds for relief in his petition below, including a claim of ineffective assistance of counsel, he did not allege facts supporting the argument he presents now for the first time on appeal. The State contends that this particular ground for relief has been waived because the issue was not presented to the post-conviction court. In response, the Appellant asserts that the plain error doctrine preserves the issue for consideration by this Court on appeal. See Tenn. R. Crim. P. 52(b).

The Appellant did not include the allegation that his trial counsel failed to request a jury instruction on the lesser included offense in the claim of ineffective assistance of counsel set forth in the post-conviction petition reviewed by the trial court. Accordingly, because this specific allegation is raised for the first time on appeal, the Appellant has waived consideration of the issue. See, e.g., Charles Orlando Fields v. State, No. W2003-02051-CCA-R3-PC, 2004 WL 1405012 (Tenn. Crim. App., Jun. 23, 2004), perm. to app. denied, (Tenn., Dec. 20, 2004). This Court is precluded from addressing this claim. Id. The Appellant does not challenge in any other respect the trial court's ruling on his petition for post-conviction relief. This Court must, therefore, affirm the denial. Contrary to the Appellant's assertion, Rule 52(b) does not permit this Court to review the issue raised in his appellate brief. "[T]he plain error doctrine has no application in post-conviction relief proceedings." Corwyn E. Winfield v. State, No. W2003-00889-CCA-R3-PC, 2003 WL 22922272 (Tenn. Crim. App., Dec. 10, 2003), perm. to app. denied, (Tenn., May 10, 2004) (citing State v. West, 19 S.W.3d 753, 756-57 (Tenn. 2000)).

For the reasons stated above, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE