IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2010

## STATE OF TENNESSEE v. MARK ANTHONY McNACK

**Appeal from the Circuit Court for Madison County**
**No. 03-220     Donald Allen, Judge**

_____

**No. W2010-00471-CCA-R3-CD  - Filed December 21, 2010**

_____

The Defendant, Mark Anthony McNack, appeals as of right from the Madison County Circuit Court's revocation of his community correction sentence and order of incarceration.  The Defendant contends that the trial court erred in calculating his credit for time served. Following our review, we affirm the trial court's revocation of the Defendant's community corrections sentence but conclude that the Defendant is entitled to credit for time served until the violation warrant was issued.  Accordingly, the judgment of the trial court is reversed in part and affirmed in part, and the case is remanded for the correction of the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed in Part; Affirmed in Part; Case Remanded.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

George Morton Googe, District Public Defender, and Gregory D. Gookin, Assistant Public Defender, attorneys for appellant, Mark Anthony McNack.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun Alan Brown, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

On July 28, 2003, the Defendant pled guilty to theft of property valued $1,000 or more, a Class D felony, and was sentenced to three years, to be served on community corrections.  On July 27, 2004, a violation warrant was filed in which it was alleged that the Defendant was an absconder because he "allowed 30 days to elapse in reporting" and that

the Defendant had last reported on September 30, 2003. The warrant further reflected that the Defendant was not present for a home visit on October 6, 2003, had not responded to letters, had failed to maintain employment, and had failed to pay court costs and supervision fees.

A community corrections violation hearing was held on January 25, 2010, at which the Defendant admitted that he had failed to report but stated that he did not "know they put a warrant out on [him]." He further stated that he understood that a violation warrant would be filed when he stopped reporting. He stated that he did not report because he was "confused."

After finding that the Defendant had violated the terms of his community corrections sentence, the trial court gave the Defendant credit for time served. The trial court concluded that the Defendant would only receive credit from the date that he was sentenced, July 28, 2003, until the date that he last reported, September 30, 2003. In so concluding, the trial court stated that it was "not going to give [the Defendant] credit beyond [the date that he last reported] because [the Defendant] obviously never reported beyond that date."

ANALYSIS

The Defendant contends that the trial court was required to award credit for time served from the date of the sentencing, July 28, 2003, until the date that the violation warrant was issued, July 27, 2004. The Defendant asserts that his community corrections sentence was not interrupted until the violation warrant was issued. The Defendant, quoting State v. Wendell S. Lewis, No. W2001-03098-CCA-R3-CD, 2003 WL 261935 (Tenn. Crim. App. Feb. 4, 2003), contends that the credit for time served must be awarded "no matter how lackluster or unsuccessful the [D]efendant's performance." The Defendant further contends that he should not be faulted for the supervising officer's negligence in waiting ten months before filing a violation warrant. The State responds that a defendant who is in violation of the program rules is not actually "serving" the sentence in the program because the defendant was not complying with the demands of the program. Further, the State, citing Judge Woodall's dissent in State v. Robert Moore, No. 01C01-9608-CC-00335, 1997 WL 602883 (Tenn. Crim. App. Sep. 30, 1997), asserts that those who fail to comply with the conditions of a community corrections program have essentially absconded from the program and are not entitled to credit for the time in which they have absconded.

Once there is sufficient evidence to establish a violation of a community corrections sentence, the trial court has the authority to revoke the community corrections sentence. Tenn. Code Ann. § 40-36-106(e)(4). The trial court may then "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to

-2-

the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4).

"[T]he granting of credit for time served is mandated by statute and is not discretionary." State v. Deandre M. Broaden, No. W2001-03100-CCA-R3-CD, 2002 WL 31852862, at *2 (Tenn. Crim. App. Dec. 20, 2002). "The period of 'time served' commences on the date a defendant is ordered to serve his sentence on community corrections, and ceases on the date a petition to revoke the sentence is filed." State v. Timothy Wakefield, No. W2003-00892-CCA-R3-CD, 2003 WL 22848965, at *1 (Tenn. Crim. App. Nov. 25, 2003) (quoting State v. Wendell S. Lewis, No. W2001-03098-CCA-R3-CD, 2003 WL 261935 (Tenn. Crim. App. Feb. 4, 2003)). Once the trial court has revoked a defendant's community corrections sentence, although it may modify the sentence, it cannot "deny credit for time actually served in the community corrections program, no matter how lackluster or unsuccessful the defendant's performance." Lewis, 2003 WL 261935, at *1.

We agree with the State that those who have absconded from custody in a penal facility are not entitled to credit for the time they have absconded. Jimmy Lee Wilson v. State, No. 01-C-01-9207-CC-00212, 1993 WL 134068, at *1 (Tenn. Crim. App. at Nashville, Apr. 29, 1993), perm. app. denied (Tenn. Sep. 7, 1993) (stating that "a prisoner is not entitled to time spent at-large after escaping"). However, applying that rationale to the facts of this case would erroneously liken the community corrections program to a penal institution. See Bentley v. State, 938 S.W.2d 706, 710 (Tenn. Crim. App. 1996) (concluding that the community corrections office was not a penal institution and that a defendant who left the community corrections office after learning that his community corrections sentence was revoked could not be convicted of escape from a penal institution), rev'd on other grounds by State v. West, 19 S.W.3d 753 (Tenn. 2000). In Bentley, the court reasoned that the community corrections program is "an alternative to incarceration and non-custodial in nature." Id. Thus, when offenders leave the office in an attempt to avoid a return to a penal institution, they have not absconded from a penal institution. Id. Likewise, when offenders refuse to comply with the program rules, they have not absconded from custody. See id. We will not construe the community-based alternative to incarceration statute in a way that likens the program to a sentence in a penal institution simply to avoid what the State views as an unjust result – allowing defendants to accumulate credit for time served while they fail to comply with the conditions of their release.

The community corrections program was created as an alternative to incarceration that provides flexibility and promotes accountability, while reducing the number of "nonviolent felony offenders" in the state prison system. Tenn. Code Ann. § 40-36-104; see also State v. Estep, 854 S.W.2d 124, 126-27 (Tenn. Crim. App. 1992) ("[T]he community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant

yet serve legitimate societal purposes."). While the program provides defendants with freedom that would otherwise be removed if the defendant had been incarcerated, there are specific remedies available to the trial court to ensure that those who fail to comply with the program are sufficiently penalized for their noncompliance. Once a defendant has violated their conditions of release, the trial court may resentence the defendant to a longer term. Tenn. Code Ann. § 40-36-106(e)(4). Additionally, while offenders are statutorily mandated to receive credit for the time that they have served in the program, the issuance of a violation warrant effectively interrupts the community corrections sentence, thereby preventing any accumulation of credit while the case is pending. Thus, even though the hearing on the violation warrant may not take place until months after the violation warrant was filed, the defendant would not be entitled to any credit during that time.

We hold that it is the issuance of a violation warrant that stops a defendant's accumulation of credit for time served, not a defendant's poor performance or refusal to report. We believe that establishing this bright-line rule for community corrections cases will prevent needless confusion over when a defendant is entitled to credit and will encourage supervising officers to closely monitor a defendant's compliance with the rules of the program. We recognize that the Defendant in this case had stopped reporting, did not respond to letters, and was not present on one occasion when the probation officer attempted a home visit; however, the violation warrant was not issued until approximately ten months later. The supervising officer should have issued a violation warrant when the Defendant first stopped reporting in order to prevent any further credit from accumulating while the Defendant was refusing to comply with the conditions of the program. Accordingly, we conclude that the Defendant is entitled to credit from July 28, 2003 until July 27, 2004. We affirm the revocation of the Defendant's community corrections sentence but remand the Defendant's case for correction of the judgment revoking the Defendant's sentence to reflect the appropriate credit.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court revoking the Defendant's community corrections sentence and ordering service of the sentence in confinement is affirmed in part and reversed in part. The Defendant's case is remanded for the trial court to credit the Defendant with time served from the date of sentencing until the date that the violation warrant was issued; thus, in addition to any time served before the Defendant was sentenced, the Defendant is entitled to 364 more days of credit for time served while on community corrections.

_____
D. KELLY THOMAS, JR., JUDGE

-4-