FILED

03/07/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 14, 2016

**GEROME SMITH v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sumner County**
**No. 330-1998      Joe Thompson, Judge**

_____

**No. M2016-01064-CCA-R3-PC**

_____

The Petitioner, Gerome Smith, appeals from the Sumner County Criminal Court's denial of his pro se motion to vacate the post-conviction court's judgment. On appeal, he argues that the trial court erred in dismissing his motion. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and J. ROSS DYER, JJ., joined.

Gerome Smith, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Lawrence Ray Whitley, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On April 3, 1996, the Petitioner was convicted by a Sumner County Jury of first degree murder and sentenced to life imprisonment. Subsequently, the Petitioner filed numerous pleadings challenging his conviction, including a direct appeal, State v. Gerome J. Smith, No. 01C01-9610-CR-00421, 1998 WL 3618 (Tenn. Crim. App. Jan. 8, 1998); a post-conviction petition, Gerome Smith v. State, No. M1999-02511-CCA-R3-PC, 2000 WL 1278374 (Tenn. Crim. App. Aug. 31, 2000); and a petition for writ of error coram nobis, State v. Gerome J. Smith, No. M2009-01144-CCA-R3-CD, 2010 WL 3448047 (Tenn. Crim. App. Aug. 31, 2010). This court affirmed the Petitioner's conviction on direct appeal and affirmed the denial and dismissal of his petitions for post-conviction relief and writ of error coram nobis. In 2007, this court and the Tennessee Supreme Court also denied the Petitioner's application for an extraordinary appeal

pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. The Sumner County Criminal Court denied multiple motions by the Petitioner to re-open his post-conviction petition.

In the instant appeal, the Petitioner challenges the Sumner County Criminal Court's denial of his original post-conviction petition in which he claimed he received ineffective assistance of counsel. Gerome Smith, 2000 WL 1278374, at *1. The post-conviction court denied the petition on October 12, 1999, finding that counsel was effective. Id. However, because counsel had failed to either withdraw or file an application for permission to appeal this court's decision to the Tennessee Supreme Court, the post-conviction court allowed the Petitioner an opportunity to file a delayed application for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. Id. This court affirmed the post-conviction court's decision and also granted the Petitioner sixty days within which to seek Rule 11 review pursuant to Tennessee Supreme Court Rule 28. Id. at *3-4. On March 5, 2001, the Tennessee Supreme Court denied the Petitioner's application for permission to appeal.

On January 11, 2016, the Petitioner filed a pro se motion to vacate the post-conviction court's October 12, 1999 order denying relief. The Petitioner claims that the post-conviction court lacked subject matter jurisdiction and that the post-conviction proceeding and all subsequently filed appeals were a "legal nullity." On April 13, 2016, the trial court entered an order summarily dismissing the Petitioner's motion because "the authority cited in Petitioner's [m]otion, Rule 28 of the Tennessee Supreme Court Rules, does not allow for the relief sought by the Petitioner" and because "the procedural history of this matter . . . reflects that the Petitioner has already pursued all means available to him in the [c]ourts of Tennessee to seek relief from the conviction in this cause." It is from this order that the Petitioner now appeals.

## ANALYSIS

On appeal, the Petitioner argues that the post-conviction court did not have jurisdiction to hear his March 30, 1998 petition for post-conviction relief and cites Tennessee Rule of Civil Procedure 60.02 and Tennessee Supreme Court Rule 28 as authority for the relief he seeks.

Initially, we note that there is no statutory provision in the Post-Conviction Procedure Act for filing a motion to vacate a judgment that is over seventeen years old. Additionally, the Petitioner's final appeal of the October 12, 1999 order at issue was denied by the Tennessee Supreme Court on March 5, 2001. Pursuant to the Post-Conviction Procedure Act, a petitioner must file for post-conviction relief within one year

of the date of the final action of the highest state appellate court to which an appeal is taken. See T.C.A. § 40-30-102(a).

Statute of limitations aside, neither the Tennessee Rules of Civil Procedure nor the Tennessee Rules of Criminal Procedure apply to post-conviction proceedings except as specifically permitted. Tenn. Sup. Ct. R. 28 § 3(b); State v. West, 19 S.W.3d 753, 757 (Tenn. 2000). First, the Petitioner contends that Rule 60.02 of the Tennessee Rules of Civil Procedure supports his request for relief from a final judgment. However, because Tennessee Supreme Court Rule 28 does not authorize the application of Rule 60.02 in a post-conviction setting, Rule 60.02 cannot apply to the Petitioner's case. See Ritchie v. State, No. E2002-02609-CCA-R3-PC, 2003 WL 21972931, at *3 (Tenn. Crim. App. Aug. 18, 2003) ("Rule 28 does not authorize the application of Rule 60.02 in a post-conviction setting").

Likewise, Supreme Court Rule 28 does not grant the Petitioner relief. Specifically, the Petitioner contends that "the post[-]conviction court should have held all post-conviction claims asserted in the petition in abeyance until after the resolution of the Rule 11 delayed appeal" pursuant to Rule 28. The Petitioner cites Supreme Court Rule 28 section 8(D)(3), regarding post-conviction evidentiary hearings, which states that:

> In the event that the petition alleges that petitioner was unconstitutionally deprived of an appeal and was also entitled to relief on other grounds, the court *shall* bifurcate the proceedings and determine first whether petitioner was denied an appeal, while holding the other claims in abeyance. Those claims *shall* be considered after the outcome of the delayed appeal if allowed, or after the appeal of the claim, if denied.

Tenn. Sup. Ct. R. 28 § 8(D)(3) (2009) (emphasis added).

However, we note that this provision of Rule 28 has been amended many times since the Petitioner's post-conviction petition was filed in 1998, and the language of Rule 28, which applies to his case, specified that the bifurcation was discretionary, not mandatory. See Tenn. Sup. Ct. R. 28 § 8(D)(3) (2002) (amended 1996) (stating that "the court *may* bifurcate the proceedings and determine whether petitioner was denied an appeal first, while holding the other claims in abeyance" and that "those claims *may* be considered after the outcome of the delayed appeal if allowed, or after the appeal of the claim, if denied.") (emphasis added). Moreover, there is nothing to indicate that the provisions of Rule 28 should be applied retroactively to overturn long-final judgments in post-conviction cases.

The Petitioner's argument that the post-conviction court did not have jurisdiction to hear his petition is also without merit. The Post-Conviction Procedure Act gives the court of conviction the authority to adjudicate petitions for post-conviction relief. See T.C.A. § 40-30-104(a). The Petitioner's allegation of procedural deficiencies in the post-conviction court's handling of the case has no bearing on the power of the court's ability to hear the claims presented. Accordingly, the Petitioner's motion to vacate is without merit and the trial court's summary dismissal was proper.

## CONCLUSION

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE