IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2020

**MARTY HOLLAND v. STATE OF TENNESSEE**

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Hardeman County**
**No. 15-CR-187      J. Weber McCraw, Judge**

_____

**No. W2018-01517-SC-R11-PC**

_____

The Petitioner-appellee, Marty Holland, pled guilty to attempted first-degree murder and especially aggravated robbery. As part of the plea, he agreed to serve a seventeen-year sentence. He also agreed to serve the sentence concurrently with a previously imposed federal sentence for an unrelated bank robbery charge and consecutive to a state sentence for an unrelated theft charge. The Petitioner filed a petition for post-conviction relief, which the post-conviction court denied. The Court of Criminal Appeals affirmed the post-conviction court's denial of the petition but remanded the case for an evidentiary hearing regarding one issue: whether the Petitioner was fully informed of the circumstances of agreeing to serve concurrent state and federal sentences. This issue was not raised by the Petitioner in his post-conviction petition or on appeal, was not argued by either party during the post-conviction hearing or on appeal, and was not decided by the post-conviction court. Based on our review of the law and the record before us on appeal, we hold that the Court of Criminal Appeals was without authority under the Post-Conviction Procedure Act of 1995 to remand this case for consideration of an issue that was not raised by either party. Therefore, we reverse the decision of the Court of Criminal Appeals to remand this case, and we reinstate the post-conviction court's denial of the petition.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Criminal Appeals Reversed;**
**Judgment of the Circuit Court of Hardeman County Affirmed.**

JEFFREY S. BIVINS, C.J., delivered the opinion of the court, in which CORNELIA A. CLARK, SHARON G. LEE, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Andrée Blumstein, Solicitor General; Sarah K. Campbell, Associate Solicitor General; Mark E. Davidson, District Attorney General; and Joe Van Dyke, Assistant District Attorney General, for the appellant, State of Tennessee.

Lance Chism, Memphis, Tennessee, for the Petitioner/appellee, Marty Holland.

**OPINION**

## I.   Factual and Procedural Background

Marty Holland ("the Petitioner") waived his right to a grand jury on December 9, 2015, and was charged by criminal information with attempted first-degree murder and especially aggravated robbery. These charges arose from an incident in which a masked man attacked Michael Druan[1] with a "chrome tire tool" while he was leaving his restaurant. The attacker also stole the restaurant's cash bag and shouted, "I'm going to kill you," while attacking Mr. Druan. Mr. Druan sustained injuries to the right side of his face and head and was airlifted to Regional Medical Center in Memphis. Despite the attacker wearing a mask, Mr. Druan recognized his stature and voice as that of the Petitioner, a former employee of Mr. Druan's restaurant. The Petitioner pled guilty to the charges and agreed to serve a seventeen-year sentence. Additionally, as a condition of the plea agreement, the Petitioner agreed to serve the sentence concurrent with his previously imposed federal sentence for an unrelated bank robbery charge and consecutive to a state sentence for an unrelated theft charge.

### A.   Plea Hearing in Hardeman County Circuit Court

At the time of the Petitioner's plea hearing in this case, he was in the custody of the Federal Board of Prisons and was transferred to the Hardeman County Circuit Court to take part in the proceeding.[2] During the plea hearing, the trial court asked the Petitioner if he understood he did not have to plead guilty, if he was pleased with his counsel's representation, and if he felt that his counsel had "properly investigated" his case. The Petitioner answered in the affirmative. Additionally, the trial court asked the Petitioner if

---

[1] The record shows multiple spellings of Mr. Druan's last name. We will use the spelling "Druan," as that is what appears in the transcript from the Hardeman County Circuit Court.

[2] During this plea hearing, the Petitioner also pled guilty to an unrelated state theft charge that occurred on June 5, 2014. That charge and the associated guilty plea are not at issue in this appeal.

he had any concerns or complaints about his representation or if he was being forced to plead guilty. The Petitioner answered in the negative. The court determined that the Petitioner "underst[oo]d the consequences both directly and indirectly for entering such pleas" and that the Petitioner "freely, voluntarily, and intelligently" made the decision to plead guilty.

The trial court addressed the Petitioner's counsel regarding the sentence:

> COURT: Count One is [seventeen] years at 100 percent, $500 fine and costs. Count Two is the same sentence, [seventeen] years at 100 percent, $500 fine, and costs. There is $2,000.00 restitution in Count Two. Count One and Count Two will be concurrent with each other. They will be concurrent with the federal charge; is that correct?
>
> COUNSEL: Yes.
>
> COURT: Yet it will be consecutive to [the state theft charge]. So[,] it's concurrent with the Fed, consecutive to the State.
>
> COUNSEL: And we're getting the docket number of the Feds. In fact, it might be good if we just filed a copy of that judgment from the Feds in his file here.

The court accepted the guilty plea and sentenced the petitioner to the agreed upon seventeen-year term.

### B. Post-Conviction Petition and Hearing

On October 17, 2016, the Petitioner filed a pro se petition for post-conviction relief in the Hardeman County Circuit Court. The Petitioner raised the following issues in his petition: 1) his conviction was the result of an unlawful search and seizure, 2) his conviction was the result of an unlawful bench warrant, 3) he lacked effective assistance of counsel, 4) he had newly discovered evidence, and 5) the evidence used in the conviction was obtained illegally. He also claimed "other grounds." In support of his claims, the Petitioner stated he was arrested based on a "fictious" bench warrant that he ultimately never received, and the search warrant in this case was defective because it was signed four to six hours after his home was searched. He also requested to have counsel appointed. The Petitioner did not raise any issues related to the voluntariness of his guilty plea or his concurrent state and federal sentences.

- 3 -

The post-conviction court concluded that the Petitioner "state[d] no specific reasons to support his petition," and, pursuant to Tennessee Code Annotated section 40-30-106(d), the court ordered the Petitioner to submit an amended petition within fifteen days that included the necessary factual support for the requested relief. The Petitioner did not file an amended petition within the timeframe. As a result, the court dismissed his petition on January 31, 2017. Approximately one month later, the Petitioner moved the court to withdraw the dismissal and allow him to submit an amended petition based, in part, on the fact that he did not receive the court's order directing him to amend his original petition. The court granted the motion.

In the Petitioner's first amended petition, he reiterated the same grounds for relief as stated in his pro se petition but included a lengthy factual basis to support the claims regarding the illegal search of his home, the faulty bench warrant, and the ineffective assistance of his trial counsel, Ms. Shana Johnson. The Petitioner claimed that Ms. Johnson "barely spoke" to him and "never assisted [him] in any meaningful manner." He also stated that Ms. Johnson failed to fully investigate his case and that she had conflicts of interest with the judge and assistant district attorney assigned to the case. The Petitioner did not raise any issues related to his concurrent state and federal sentences.

After reviewing the first amended petition, the post-conviction court appointed counsel[3] and gave the Petitioner an additional thirty days to submit a second amended petition with the assistance of counsel. In the second amended petition, filed on May 10, 2018, the Petitioner reiterated his previously-mentioned claims for relief. He also asserted new claims that his confession to law enforcement was coerced and that he did not understand the "nature and consequences of the plea." The Petitioner did not raise any issues related to his concurrent state and federal sentences.

The post-conviction court held an evidentiary hearing, and the State's proof consisted of testimony from Ms. Johnson, the Petitioner's trial counsel, and Captain Greg Moore, a lead investigator assigned to the underlying case. Ms. Johnson testified regarding her plea negotiations with the State and her conversations with the Petitioner advising him of his different guilty plea options and the potential sentence associated with each offer. Captain Moore testified about the search warrant in this case and described that the initial search of the Petitioner's residence was based on a valid warrant in an unrelated case. The

---

[3] The Petitioner's first appointed counsel on post-conviction was Mr. Erik Haas. With the court's permission, Mr. Haas withdrew before the Petitioner submitted his second amended petition, and Mr. J. Colin Rosser took over as the Petitioner's counsel.

Petitioner testified on his own behalf about the plea offers he received and his request of Ms. Johnson to review the search and arrest warrants in this case and an unrelated case. He believed the warrants were faulty and led to an unlawful search and arrest in this case. He also stated that he did not timely receive copies of the warrants. Ultimately, the Petitioner stated that he took the seventeen-year agreement because Ms. Johnson "said that was the best [he] could do[,] and if [he] went to trial [he] would get more than that." On cross-examination, the State questioned the Petitioner about the various plea deals he was offered:

> STATE: I want to know whether you preferred seventeen [years] concurrent or fifteen [years] consecutive.
>
> PETITIONER: The Feds already ran my Fed time with the State time. It didn't matter what you did.
>
> STATE: You didn't have State time at that point.
>
> PETITIONER: I had Fed time.
>
> STATE: And any – but your State had not been determined at that point.
>
> PETITIONER: Whatever time I got from the State was going to be ran [sic] with the Feds no matter what. The Feds already ran it together.
>
> STATE: Sir, if you didn't have State time at the time you made a Federal plea, how could they run it concurrently? You didn't have a sentence at that point, did you?
>
> PETITIONER: No, but I can show you on the paper I have from the Feds.
>
> STATE: So[,] you had a seventeen year concurrent offer that was subsequently made versus a consecutive offer. Is that correct?
>
> PETITIONER: Yes, sir.

Outside of this colloquy, the parties made no other mention of the agreement to serve concurrent state and federal sentences. During the hearing, the Petitioner did not argue that the concurrent sentencing issue was a concomitant factor associated with any of his claims raised in his petition or that he was uninformed about the agreement to serve concurrent state and federal sentences. Additionally, there was no testimony or documentation provided at the hearing that indicated the Petitioner's state and federal sentences were not being served concurrently.

Ultimately, the post-conviction court denied the Petitioner's post-conviction petition and determined that the Petitioner's counsel provided adequate assistance during the plea negotiation process. Moreover, the post-conviction court concluded that the Petitioner "failed to establish the factual allegations contained in the petition by clear and convincing evidence." The post-conviction court held that "the [Petitioner] actually understood the significance and consequences of the particular decision to plea[d] guilty and the decision was not coerced," that "[t]he [Petitioner] was fully aware of the direct consequences of the plea, including the possibility of the sentence actually received[,]" and that he was "informed at the plea hearing of the sentence." The post-conviction judge took note that the "plea form indicated that [the Petitioner] would be facing seventeen years at eighty-five percent (85%) [and] that these sentences would run concurrently with each other and with the federal charges." Other than taking note of the plea form and that it indicated the concurrent state and federal sentences, the post-conviction court did not otherwise address this fact or make any specific findings or conclusions related to it.

### C.    Post-Conviction Appeal

The Petitioner timely appealed the denial of his post-conviction petition to the Court of Criminal Appeals. He claimed that the post-conviction court erred when it concluded that he received effective assistance of counsel. Holland v. State, No. W2018-01517-CCA-R3-PC, 2019 WL 1418278, at *1 (Tenn. Crim. App. Mar. 27, 2019), perm. app. granted, (Tenn. Aug. 21, 2019). Additionally, he argued that "but for trial counsel's failure to investigate (1) a coerced confession; (2) the validity of a bench warrant concerning an unrelated offense; and (3) a search warrant executed at [his] home concerning an unrelated case, he would not have entered his guilty pleas." Id. at *5. The Petitioner did not raise any issues related to his concurrent state and federal sentences. The State argued that the post-conviction court properly denied the petition.

The Court of Criminal Appeals affirmed the judgment of the post-conviction court, holding, in part, that the Petitioner waived the issue of the validity of the search warrant because he did not present the search warrant at the post-conviction hearing or include it

- 6 -

in the record on appeal.  Id. at *7.  The intermediate appellate court also held that, waiver notwithstanding, the testimony and evidence presented at the post-conviction hearing from Ms. Johnson and Captain Moore did not entitle the Petitioner to relief on this issue.  Id.  Further, the court held that the Petitioner was not entitled to relief on the claims of failure to investigate the bench warrant or the alleged coerced confession and that he "failed to establish the factual allegations in his petition by clear and convincing evidence."  Id. at *8.  Despite affirming the post-conviction court's denial of the petition, the Court of Criminal Appeals remanded this case to the post-conviction court for an evidentiary hearing to consider one issue: "[W]hether the Petitioner was advised of the consequences of entering a guilty plea based upon the agreement that his state sentence be served concurrently with a prior federal sentence."  Id.

The Court of Criminal Appeals cited a lack of testimony at both the plea hearing and the post-conviction hearing on how the petitioner "settled his federal case, the extent to which there was coordination between federal and state counsel to resolve the matters, or whether the federal court agreed to allow the Petitioner to serve his anticipated state sentence in a federal facility."  Id.  The court reasoned that although "serving a concurrent state and federal sentence is not prohibited by our law, see Tenn. R. Crim. P. 32(c)(2)(B), it has been roundly criticized by this court for its pitfalls."  Holland, 2019 WL 1418278, at *8 (citing Tennessee Court of Appeals case law).  On remand, the court limited the hearing to the concurrent sentencing issue, but the court affirmed the post-conviction court's denial of the Petitioner's petition "[i]n all other respects."  Id.

We accepted the State's application for permission to appeal to this Court to address whether the Court of Criminal Appeals exceeded its authority under the Post-Conviction Procedure Act of 1995 ("the Act") when it raised the concurrent sentencing issue sua sponte and remanded the case to the post-conviction court despite the fact that the issue was not raised or argued by either party at the post-conviction hearing or on appeal.

## II.    Standard of Review

The appellate court reviews "a post-conviction court's conclusions of law, decisions involving mixed questions of law and fact, and its application of law to its factual findings de novo without a presumption of correctness."  Whitehead v. State, 402 S.W.3d 615, 621 (Tenn. 2013) (citing Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Calvert v. State, 342 S.W.3d 477, 485 (Tenn. 2011)).  However, the post-conviction court's underlying findings of fact may not be disturbed unless the evidence preponderates against them.  Dellinger v. State, 279 S.W.3d 282, 294 (Tenn. 2009) (citing Tenn. R. App. P. 13(d); Vaughn v. State, 202 S.W.3d 106, 115 (Tenn.2006)).  Therefore, the appellate court is "not

free to re-weigh or re-evaluate the evidence, nor [is it] free to substitute [its] own inferences for those drawn by the post-conviction court." Whitehead, 402 S.W.3d at 621 (citing State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001)).

## III. Analysis

In this case, the Court of Criminal Appeals affirmed the post-conviction court's decision to deny the Petitioner's petition. Holland, 2019 WL 1418278, at *8. However, the court did not end its review there. Rather, the Court of Criminal Appeals raised an issue sua sponte regarding the Petitioner's concurrent state and federal sentences and whether he was fully aware of the consequences of this agreement. The court remanded this case to the post-conviction court for consideration of this issue even though the Petitioner failed to raise it in any version of his post-conviction petition, and he did not argue the issue at the post-conviction hearing. Additionally, the post-conviction court did not decide the issue in any form or fashion, and neither party raised or argued the issue to the Court of Criminal Appeals.

The State argues that this issue was waived and, therefore, cannot be a basis for relief under the Act. The State contends that the Court of Criminal Appeals did not have the authority to consider the issue because it exceeds the scope of review available under the Act, and plain error review under Tennessee Rule of Appellate Procedure 36(b) is not available in post-conviction proceedings.

While the Petitioner acknowledges that he failed to raise or argue the concurrent sentencing issue and that the post-conviction court did not decide the issue, he argues that the Court of Criminal Appeals had the authority under Tennessee Rules of Appellate Procedure 2, 13(b), and 36(b) to consider the issue sua sponte. In support of his argument, the Petitioner points to a "trend" in Tennessee appellate courts where an issue not originally raised in the post-conviction petition may still be heard on appeal, and he argues that what the Court of Criminal Appeals did in this case is the natural extension of that "trend."[4] The Petitioner also argues that this Court's precedent in Grindstaff v. State, 297 S.W.3d 208, 219 (Tenn. 2009), which states that plain error review is not available in post-conviction proceedings, does not apply to this case because it is factually distinct from the case at hand

---

[4] The "trend" Petitioner refers to, that appellate courts may review an issue not formally raised in the post-conviction petition so long as it is argued before and decided by the post-conviction court without objection, see e.g., State v. Herron, No. 03C01-9109-CR-00284, 1992 WL 43273, at *4 (Tenn. Crim. App. Mar. 10, 1992), is discussed in more detail later on in this opinion. However, as the Petitioner acknowledges in his brief, this line of case law does not apply here because the concurrent sentencing issue was not argued by either party or decided by the post-conviction court.

and because <u>Grindstaff</u> did not expressly acknowledge the plain error rule under Tennessee Rule of Appellate Procedure 36(b).[5]  In the alternative, the Petitioner argues that <u>Grindstaff</u> should be overruled and that this Court should hold that plain error review is available in post-conviction proceedings.  We agree with the State.

The Post-Conviction Procedure Act of 1995 offers criminal defendants a unique form of relief that is "entirely a creature of statute" and whose "availability and scope . . . lies within the discretion of the General Assembly."  <u>Bush v. State</u>, 428 S.W.3d 1, 15–16 (Tenn. 2014) (citing <u>Pike v. State</u>, 164 S.W.3d 257, 262 (Tenn. 2005)).  A person seeking relief under the Act must file a petition with the court of record where the conviction occurred that "include[s] all claims known to the petitioner for granting post-conviction relief[,]" and the petitioner "shall verify under oath that all the claims are included."  Tenn. Code Ann. § 40-30-104(d) (2018).

The Act states:

> [t]he petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.  Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition.

<u>Id.</u> § 40-30-106(d).  If the petitioner is filing his or her petition pro se, however, the post-conviction court has the discretion to "enter an order stating that the petitioner must file an

---

[5] The Petitioner recognizes in his brief that this Court's opinion in <u>State v. West</u> held that plain error review, then located at Tennessee Rule of Criminal Procedure 52(b), does not apply in post-conviction proceedings.  <u>See</u> <u>State v. West</u>, 19 S.W.3d 753, 756–57 (Tenn. 2000) (holding that the statutory provisions of the Act "effectively prevent the application of [the plain error rule]").  He also recognizes that this Court's more recent opinion in <u>Grindstaff</u> reiterated this rule and cited to <u>West</u> and the newly-relocated plain error rule found at Tennessee Rule of Appellate Procedure 36(b).  <u>See</u> <u>Grindstaff</u>, 297 S.W.3d at 219 & fn. 12 (citing <u>West</u>, 19 S.W.3d at 756–57) ("[T]he plain error rule, which would otherwise permit an appellate court to address the issue sua sponte, may not be applied in post-conviction proceedings to grounds otherwise deemed either waived or previously determined.").  Despite recognizing this rule and the line of case law, the Petitioner argues that this Court did not expressly adopt the rule from <u>West</u> and that we must address whether the plain error rule is still inapplicable in post-conviction proceedings now that the rule is housed in the Tennessee Rules of Appellate Procedure rather than the Rules of Criminal Procedure.  In the alternative, the Petitioner encourages this Court to overrule <u>Grindstaff</u> if we conclude that it does stand for the proposition that plain error review does not apply in post-conviction proceedings.

amended petition that complies with [section 40-30-106] within fifteen (15) days or the petition will be dismissed." Id. § 40-30-106(d). If the petitioner is granted an evidentiary hearing, the issues at the hearing are limited to those raised or stated in the petition. See id. § 40-30-110(c) ("Proof upon the petitioner's claim or claims for relief shall be limited to evidence of the allegations of fact in the petition."); Tenn. Sup. Ct. R. 28, § 8(D)(4) (requiring that the issues at the evidentiary hearing "be limited to issues raised in the petition"). However, the post-conviction court is directed to "liberally allow" petitioners to amend the petition "[i]f evidence [during the hearing] is objected to on the basis that it concerns issues not raised in the petition or answer." Tenn. Sup. Ct. R. 28, § 8(D)(5). This approach promotes the proper preservation and airing out of all claims at the appropriate stage of the post-conviction proceedings.

An issue is considered waived, and no longer grounds for relief, "if the petitioner personally or through an attorney fail[s] to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented[,]" with two limited exceptions.[6] Tenn. Code. Ann. § 40-30-106(g) (2018); see Grindstaff, 297 S.W.3d at 218–9 (holding that a petitioner waived his claim that he did not knowingly and intelligently enter into his guilty plea because "neither the original petition nor the amended petition . . . specifically alleged" this ground and the post-conviction court did not make any determination as to the issue); State v. West, 19 S.W.3d 753, 757 (Tenn. 2000). This Court has held that the language of the Act controls the scope of issues on review and "expressly prohibits post-conviction consideration of issues deemed 'previously determined' or 'waived.'" West, 19 S.W.3d at 754, 756 (citing the previously-repealed post-conviction statute but stating that this interpretation applies equally to the current Act); see Tenn. Code Ann. § 40-30-110(f) (2018) ("There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived."). These waiver restrictions are necessary to avoid "an open- and possibly never-ending approach to post-conviction review." West, 19 S.W.3d at 756.

"'[I]ssues not addressed in the post-conviction court will generally not be addressed on appeal.'" Lane v. State, 316 S.W.3d 555, 561–62 (Tenn. 2010) (quoting Walsh v. State, 166 S.W.3d 641, 645–46 (Tenn. 2005)). Furthermore, this Court has held that "the plain

---

[6] When "[t]he claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or . . . [t]he failure to present the ground was the result of state action in violation of the federal or state constitution," the court may grant an exception to the general waiver rule. Tenn. Code Ann. § 40-30-106(g)(1)–(2) (2018). Neither exception applies in this case.

error rule, which would otherwise permit an appellate court to address the issue sua sponte, may not be applied in post-conviction proceedings to grounds that would otherwise be deemed waived or previously determined." Grindstaff, 297 S.W.3d at 219 (citing West, 19 S.W.3d at 756–57). Tennessee appellate courts may only consider issues that were not formally raised in the post-conviction petition if the issue was argued at the post-conviction hearing and decided by the post-conviction court without objection. See Starner v. State, No. M2018-01015-CCA-R3-PC, 2019 WL 3856852, at *13 (Tenn. Crim. App. Aug. 16, 2019) (holding that an issue was "reviewable on the merits" because the petitioner argued it during the post-conviction hearing with no objections); Williams v. State, No. W2018-01269-CCA-R3-PC, 2019 WL 2407157, at *11 (Tenn. Crim. App. June 7, 2019) (interpreting Tennessee Supreme Court Rule 28, section 8(D)(5) to hold that an issue may not be waived if it was "raised at the post-conviction hearing and ruled on by the post-conviction court" without objection because the petitioner would not have been aware of the need to amend the petition to include the issue), perm. app. denied, (Tenn. Oct. 11, 2019); Matthews v. State, No. W2018-00966-CCA-R3-PC, 2019 WL 1110101, at *9 (Tenn. Crim. App. Mar. 11, 2019) (considering an issue on the merits that was not specifically mentioned in the post-conviction petition, though alleged generally, because it was litigated at the post-conviction hearing without objection); Brown v. State, No. W2017-01755-CCA-R3-PC, 2019 WL 931735, at * 10 (Tenn. Crim. App. Feb. 22, 2019) (considering an issue not included in petition but argued at the post-conviction hearing without objection); Yarboro v. State, No. W2017-00125-CCA-R3-PC, 2018 WL 4441364, at *7 (Tenn. Crim. App. Sept. 17, 2018) (deciding an issue not presented in the petition because it was argued at the post-conviction hearing and not objected to by opposing counsel and petitioner was no longer able amend the petition); Herron, 1992 WL 43273, at *4 ("On the other hand, if an issue is not specially pled, we do not view [our case law] as prohibiting a trial court from ruling on it if it is litigated by the parties in a post-conviction hearing without objection.").

At each stage of his post-conviction proceedings, including his argument to the Court of Criminal Appeals, the Petitioner raised issues regarding the validity of the search and arrest warrants in this case and the ineffectiveness of his trial counsel to investigate the case and advise him properly before he pled guilty. In his second amended petition, the Petitioner claimed that he did not understand the "nature and consequences of the plea" and that his confession to law enforcement was coerced. The record is devoid of any connection between the Petitioner's claims for relief and his agreement to serve concurrent state and federal sentences. In fact, in the only part of the record in which the Petitioner addresses this part of his plea agreement, he testifies that he has documentation showing the federal government acknowledged that the federal and state sentences would run

- 11 -

concurrently with each other, and there is no indication from the record that the Petitioner's sentence is being carried out in a manner inconsistent with the plea agreement.

During the post-conviction hearing, the court acknowledged that the plea form indicated an agreement to serve concurrent state and federal sentences, and the Petitioner testified that he had a paper "from the Feds" that showed the sentences would be served concurrently. We hold that any of the brief references to the matter and the Petitioner's general claim that he did not understand the nature and consequences of his plea agreement do not constitute "develop[ing] the issue in any meaningful way" or preserving the issue for appellate review. See Sanders v. State, No. M2019-00397-CCA-R3-PC, 2020 WL 2394992, at *8 (Tenn. Crim. App. May 12, 2020) (citing Oscar Polk, Jr., v. State, No. W2018-01072-CCA-R3-PC, 2019 WL 911156, at *3 (Tenn. Crim. App. Feb. 15, 2019) ("This court has likewise refused to review an issue when it was first raised at the post-conviction hearing, the evidence regarding the issue was 'not developed in any meaningful way,' and the issue[] was not ruled upon by the post-conviction court."); Gossett v. State, No. W2019-00364-CCA-R3-PC, 2019 WL 7288806, at *7 (Tenn. Crim. App. Dec. 30, 2019) (holding that an issue was waived because it was not raised in the post-conviction petition and the testimony regarding the issue at the post-conviction hearing did not "develop[] [the issue] in a 'meaningful way'"); Polk v. State, No. W2018-01072-CCA-R3-PC, 2019 WL 911156, at *3 (Tenn. Crim. App. Feb. 15, 2019) (holding that an issue was waived when it was not included in the petition, not ruled on by post-conviction court, and not developed in any meaningful way). Therefore, we conclude that the issue was waived and may no longer be a basis for relief. See Grindstaff, 297 S.W.3d at 219 (citing West, 19 S.W.3d at 756–57).

Nothing in the language of the Act, or our case law interpreting the Act, gives a reviewing court in post-conviction proceedings the authority to raise an issue sua sponte that has been waived. We hold that the language of the Act controls the scope of review in this instance, and the Court of Criminal Appeals did not have the authority under the Act to consider the issue or raise it sua sponte for consideration on remand to the post-conviction court. See Tenn. Code Ann. §§ 40-30-104(d), 106(g); Grindstaff, 297 S.W.3d at 218–19 (holding that "while not properly informed as to the applicable law before he pled guilty to each charge" the Petitioner nonetheless waived this issue because he did not "specifically allege" the issue in his post-conviction petition and the post-conviction court did not make a determination as to the issue); Byers v. State, No. W2011-00473-CCA-R3-PC, 2012 WL 938976, at *10 (Tenn. Crim. App. Mar. 15, 2012) (holding that an issue was waived because the petitioner raised it for the first time on appeal from the denial of his post-conviction petition and reaffirming that plain error review under Tennessee Rule of Appellate Procedure 36(b) does not apply to post-conviction proceedings). For these

reasons, we reverse the Court of Criminal Appeals' decision to remand this case, and we reinstate the post-conviction court's denial of the post-conviction petition.[7]

## IV.  Conclusion

Because the Petitioner did not raise the concurrent sentencing issue in his petition for post-conviction relief, during his post-conviction hearing, or on appeal, the issue was waived, and the Court of Criminal Appeals was without authority to remand the Petitioner's case to the post-conviction court for consideration of the issue.  Therefore, we reverse the decision of the Court of Criminal Appeals to remand this case for a post-conviction hearing and reinstate the post-conviction court's decision to deny the Petitioner's petition.



JEFFREY S. BIVINS, CHIEF JUSTICE

---

[7] Because we conclude that the language of the Act controls, and that is dispositive in this case, the Petitioner's additional arguments related to Tennessee Rules of Appellate Procedure 2 and 13(b) are pretermitted and will not be addressed.