IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 26, 2018

## RANDALL TURNER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 303816     Don W. Poole, Judge**

_____

### No. E2018-00520-CCA-R3-PC

_____

The petitioner, Randall Turner, appeals the denial of his petition for post-conviction relief, which petition challenged his 2001 guilty-pleaded convictions of first degree murder, aggravated kidnapping, and aggravated robbery. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and ROBERT L. HOLLOWAY, JR., JJ., joined.

Randall Turner, Only, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The pro se petitioner, Randall Turner, appeals the Hamilton County Criminal Court's denial of his petition for post-conviction relief. In March 2001, the petitioner pleaded guilty to charges of first degree murder, aggravated kidnapping, and aggravated robbery. The trial court imposed an effective sentence of life imprisonment without the possibility of parole.

### I. Procedural History

This is not the petitioner's first attempt to challenge the validity of his guilty-pleaded convictions. As this court detailed only a year ago, the petitioner has filed several petitions for post-conviction relief, at least one petition for habeas corpus relief, at least one petition for writ of error coram nobis, and various motions that this court has

construed as post-conviction petitions or motions to reopen. *See Randall Turner v. State*, No. E2016-01969-CCA-R3-PC, slip op. at 1, (Tenn. Crim. App., Knoxville, July 7, 2017), *perm. app. denied* (Tenn. Dec. 6, 2017) (*Turner V*) (providing history of petitioner's filings).

Following his guilty pleas in 2001, the petitioner filed a timely petition for post-conviction relief; however, the petitioner later moved to dismiss that petition, which motion the post-conviction court granted. At some point thereafter, the petitioner filed a petition for writ of error coram nobis in this court, which petition this court dismissed in 2007 for lack of jurisdiction because the petition was "an original pleading improperly filed initially in this court and well beyond the one-year limitations period." *Randall Turner v. State*, No. E2006-02787-CCA-OT-CO (Tenn. Crim. App., Knoxville, Dec. 21, 2007) (Order).

The petitioner next filed a pleading styled "Motion to Vacate Convictions" in 2010, which this court construed as a petition for post-conviction relief. *See Randall Turner v. State*, No. E2011-00110-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Knoxville, June 13, 2011) (Memorandum Opinion) (*Turner I*). We affirmed the dismissal of the petition as untimely, concluding that the petitioner had failed to establish entitlement to due process tolling of the statute of limitations for filing a petition for post-conviction relief because his claim of mental incapacity resulting from his taking Risperdal and Wellbutrin was "conclusory" and "unsupported." *Id.*, slip op. at 3.

In 2012, the petitioner filed a petition for habeas corpus relief attacking the legality of his indictments and an unrelated, prior conviction. *Randall Turner v. Bruce Westbrooks, Warden*, No. E2012-00093-CCA-R3-HC, slip op. at 1-2 (Tenn. Crim. App., Knoxville, Oct. 24, 2012) (Memorandum Opinion) (*Turner II*). This court affirmed the dismissal of the petitioner's habeas corpus petition, concluding that the indictments contained no defects that would render the judgments void and that the claim related to the prior conviction was not cognizable in a habeas corpus proceeding because the sentence for that conviction had expired. *Id.*, slip op. at 2-3.

The petitioner then filed a pleading styled simply "Petition" in December 2012, followed by a pleading styled "Amended Petition" in January 2013, which petitions alleged that the petitioner was innocent of the crimes, that his guilty plea resulted from coercion by his trial counsel in conspiracy with the State, and that the judge should recuse himself due to a conflict of interests. *Randall Turner v. State*, No. E2013-01515-CCA-R3-PC, slip op. at 2 (Tenn. Crim. App., Knoxville, Mar. 17, 2014) (*Turner III*). The trial court initially dismissed the petition after concluding that the claims raised were the same as those raised in the 2010 petition and that no conflict of interests existed that would

require judicial recusal. *Id.* After the petitioner moved the court to reconsider, the court permitted the petitioner "to clarify and precisely identify his claims." *Id.* Thereafter, the court again dismissed the petitions, this time construing the petitions as time-barred petitions for post-conviction relief. *Id.*, slip op. at 3. On appeal, this court agreed that the filings should be construed as petitions for post-conviction relief and affirmed the dismissal of the petitions as untimely because they were filed "well-outside the one-year statute of limitations" and because "the petitioner failed to allege an exception to the statute of limitations." *Id.*

Subsequently, the petitioner filed a petition pursuant to the Post-Conviction DNA Analysis Act of 2001 for testing of certain items of clothing. *Randall Turner v. State*, No. E2013-01565-CCA-R3-PC, slip op. at 3 (Tenn. Crim. App., Knoxville, Apr. 7, 2014) (*Turner IV*). On appeal, this court held that the petitioner failed to demonstrate entitlement to such testing and affirmed the dismissal of the petition. *Id.*, slip op. at 6.

In 2016, the petitioner filed a "Motion to Re-Open Post-Conviction Petition to Correct Manifest Injustice" in which the petitioner argued that his trial counsel conspired with the State and the trial court to coerce his guilty pleas and that his trial counsel was ineffective for failing to notify the trial court of the petitioner's pending malpractice action against them. *Turner V*, slip op. at 2. The court construed the motion as a petition for post-conviction relief and dismissed it as untimely. *Id.*, slip op. at 2-3. The petitioner then filed a "Motion to Reconsider" with the post-conviction court reasserting his claims and seeking to "revoke his 2003 waiver of post-conviction claims." *Id.*, slip op. at 3. The post-conviction court, construing the motion as one "to revoke the waiver of post-conviction proceedings," denied the motion. *Id.* The petitioner appealed, raising four issues: (1) his guilty plea was coerced; (2) his trial counsel was ineffective for failing to disclose the malpractice suit brought by the petitioner; (3) the post-conviction statute of limitations was unconstitutional; and (4) the post-conviction court erred in failing to recuse itself. *Id.* This court "consider[ed] the [p]etitioner's pleading as both a motion to reopen and a post-conviction relief petition." *Id.*, slip op. at 4. This court did not reach the merits of the petitioner's claims because he failed to satisfy the requirements for appealing a motion to reopen and because, construing the pleading as an original petition for post-conviction relief, the notice of appeal was untimely.

The petitioner filed the instant petition for post-conviction relief on January 19, 2018, which petition acknowledges that the petitioner has "made several efforts to appeal his conviction" and that such attempts have been dismissed for untimeliness. The post-conviction court summarized the petitioner's claims as follows:

(1) that [the trial court] never ruled on his motions to suppress a preliminary-hearing identification and suppress evidence or dismiss the charges with prejudice;

(2) that, since the pleas, he has made several efforts to "appeal" the judgments;

(3) that, on most occasions, his efforts were found to be untimely;

(4) that it is futile to present the same claims again;

(5) that he was prevented from filing timely claims by "mental fogginess" induced by medication and lack of legal aid caused by segregation or inability to interest an inmate legal assistant in his case;

(6) that, as a consequence, the post-conviction statute of limitation violates due process on its face and as applied to him; and

(7) that post-conviction procedures, specifically, the one-year statute of limitation and the pre-petition unavailability of appointments of post-conviction counsel, violate equal protection by treating him differently than the state, which, before prosecution, has a more favorable or no statute of limitation and has well-qualified counsel, differences that he likens to "forcing a man who cannot swim to compete against Michael Phelps in a race for his life."

The post-conviction court issued an order dismissing the petitioner's post-conviction petition on January 30, 2018. The court found that the petition was untimely and that the petitioner had failed to "state a statutory exception to the statute of limitations." As to the petitioner's claim that the statute of limitations was unconstitutional as applied to him, the post-conviction court concluded, "The petitioner's long history of *pro-se* filings does not suggest that any 'mental fogginess' or lack of legal aid prevents him from requesting relief." Additionally, the post-conviction court concluded that the post-conviction procedures do not violate equal protection.

In this appeal, the petitioner claims due process tolling of the statute of limitations for filing a petition for post-conviction relief based upon mental impairment stemming from medication, which, he says, "cause[d] him to withdraw his [original, timely post-conviction] petition." As to his claims for post-conviction relief, the petitioner asserts that he was deprived of the effective assistance of counsel and that his guilty pleas were the product of coercion, ineffective assistance of counsel, and trial court error. The petitioner also requests, in the alternative, that "the court grant [his] motion for Rule 52(b) appeal and vacate[]" his convictions. We understand this to refer to Tennessee Rules of Criminal Procedure Rule 52, which has been deleted but the substance of which is now found in Tennessee Rules of Appellate Procedure 36(b). *See* Tenn. R. Crim. P. 52, Advisory Cmm'n Comments; Tenn. R. App. P. 36(b). Accordingly, we interpret the petitioner's request for a Rule 52(b) appeal to be an argument for plain error review.

The State contends that the post-conviction court did not err by dismissing the petition as untimely and by finding no due process ground on which to toll the statute of limitations. The State also points out that the petitioner has filed other petitions for post-conviction relief previously and argues that this petition should be barred as a subsequent petition. Finally, the State argues that this petition should not be construed as a motion to reopen nor as a motion to revoke the petitioner's waiver of his original post-conviction petition.

Because it is unclear whether the petitioner intended the instant petition to be a new post-conviction petition or a motion to reopen his withdrawn petition, we will consider each in turn.

## II. Motion to Reopen

Because the petitioner asserts that mental impairment resulting from medication "cause[d] him to withdraw" his initial post-conviction petition, we will first consider the instant petition as a motion to reopen his withdrawn petition.

The grounds for reopening a petition for post-conviction relief are narrow. The relevant portion of the Code provides as follows:

> (a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:
>
> > (1) The claim in the motion is based upon a final ruling of an appellate court establishing a

constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

(b) The motion must set out the factual basis underlying its claims and must be supported by affidavit. The factual information set out in the affidavit shall be limited to information which, if offered at an evidentiary hearing, would be admissible through the testimony of the affiant under the rules of evidence. The motion shall be denied unless the factual allegations, if true, meet the requirements of

subsection (a).  If the court grants the motion, the procedure, relief and appellate provisions of this part shall apply.

T.C.A. § 40-30-117(a)-(b).

A post-conviction court's denial of a motion to reopen a post-conviction petition does not afford a petitioner an appeal as of right.  *See* Tenn. R. App. P. 3(b); *Matthew Dixon v. State*, No. W2015-00130-CCA-R3-PC, slip op. at 7 (Tenn. Crim. App., Jackson, Oct. 21, 2015).  Rather, such denial may be challenged on appeal only by the filing of an application for permission to appeal no later than 30 days after the denial by the post-conviction court.  T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(B).  The statute "outlines four requirements for an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application."  *Graham v. State*, 90 S.W.3d 687, 689 (Tenn. 2002).  "In general, the contents of an application for permission to appeal must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review."  *Graham*, 90 S.W.3d at 691.  Whether a notice of appeal satisfies the requirements of an application for permission to appeal is a matter of substance over form.  *Id.* ("[T]he label [on the pleading] is not dispositive of whether this Court may nonetheless treat the filing as an application for permission to appeal.").  That being said, we may not suspend the statutory requirements. *Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, slip op. at 10 (Tenn. Crim. App., Jackson, Nov. 7, 2007).

Here, the petitioner filed a notice of appeal accompanied by a document entitled "Appeal from the Final Judgment of Hamilton County Criminal Court at Chattanooga" in which the petitioner restates the claims raised in his petition.  Even if this pleading was sufficient to satisfy the substantive requirements of an application for permission to appeal, the petitioner failed to file it within 30 days after the post-conviction court's order denying relief.  Although this court granted a waiver of timeliness as to the notice of appeal under the terms of Tennessee Rule of Appellate Procedure 3(b), no such waiver is permitted for an application for permission to appeal the denial of a motion to reopen.  *See Timothy Roberson*, slip op. at 10; *see also* Tenn. Sup. Ct. R. 28, § 11(B).

Accordingly, to the extent that the 2018 petition can be construed as a motion to reopen his previous post-conviction petition, this court lacks jurisdiction to consider this appeal.

-7-

## III. Petition for Post-Conviction Relief

If we construe the instant petition as a new petition for post-conviction relief, the petitioner has likewise failed to establish an entitlement to relief.

As an initial matter, we note that "there is no constitutional duty to provide post-conviction relief procedures." *Serrano v. State,* 133 S.W.3d 599, 604 (Tenn. 2004) (citing *Burford v. State,* 845 S.W.2d 204, 207 (Tenn. 1992)). Post-conviction relief is a statutory creation and, therefore, subject to the discretionary limitations of the legislature. *Serrano,* 133 S.W.3d at 604. "When there is no constitutional or statutory mandate, and no public policy prohibiting, an accused may waive any privilege which he is given the right to enjoy." *Id.* (quoting *Schick v. United States,* 195 U.S. 65, 72 (1904)).

Code section 40-30-106(f) provides for post-conviction relief only when "the claims for relief have not been waived or previously determined." T.C.A. § 40-30-106(f). "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . . ." T.C.A. § 40-30-106(g). Thus, "an issue raised for the first time on appeal is waived." *Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004). Because the issues the petitioner raises in his brief on appeal were not raised in his post-conviction petition, we are precluded from considering the merits of the issues raised in the petitioner's brief.

Although, as a general rule, plain error review is available on appeal for a claim that is otherwise waived, *see* Tenn. R. App. P. 36(b), our supreme court concluded that a claim waived pursuant to the Post-Conviction Procedures Act precluded plain error review. *State v. West*, 19 S.W.3d 753, 756-57 (Tenn. 2000) (analyzing the issue under the repealed Act, but stating, "Our holding here, . . . though applying to [the repealed] Act, applies equally to proceedings brought under the Post–Conviction Procedure Act currently in force."). The Code's limitation of post-conviction relief to "claims for relief [that] have not been waived or previously determined," T.C.A. § 40-30-106(f), shields issues raised for the first time on appeal from plain error review, *see West*, 19 S.W.3d at 756. Although *West* analyzed the application of the plain error doctrine in post-conviction proceedings under the former Post-Conviction Procedure Act, repealed in 1995, this court has applied the ruling in *West* to cases brought under the current Act. *See Alfio Orlando Lewis v. State*, No. M2004-01282-CCA-R3-PC, slip op. at 6 (Tenn. Crim. App., Nashville, Mar. 16, 2005) ("The plain error doctrine has no application in post-conviction relief proceedings."). Therefore, plain error review is unavailable to the petitioner in the present appeal. *See West*, 19 S.W.3d at 756-57.

Waiver notwithstanding, our perusal of the record shows a failure to establish any grounds for due process tolling of the post-conviction statute of limitations. Code section 40-30-102 provides that "a person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001) *examined by Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 511-13 (Tenn. 2013). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

As indicated, the petitioner's first, and only timely, petition for post-conviction relief was withdrawn and thus not resolved on its merits. The withdrawal of the petition, however, did not operate to toll the statute of limitations. *See* T.C.A § 40-30-109(c); *see also* Tenn. Sup. Ct. R. 28, § 6(C)(8) ("The petitioner may withdraw a petition at any time prior to the hearing without prejudice to any rights to refile, but the withdrawn petition shall not toll the statute of limitations."). Since then, the petitioner has filed a variety of pleadings designed to collaterally attack his convictions, and the bulk of these filings have, due to the nature of the claims raised, been treated as petitions for post-conviction relief. Because none of these petitions was filed within the statute of limitations period for filing a petition for post-conviction relief, each has been dismissed rather than resolved on the merits of the underlying claims for post-conviction relief. The petitioner's claim to due process tolling of the statute of limitations based upon mental incapacitation occasioned by his taking Wellbutrin and Risperdal has, however, been considered on its merits and rejected by a court of competent jurisdiction. *See Turner I*, slip op. at 3. The petitioner's claim to due process tolling in his most recent petition is identical to that raised in *Turner I*, i.e., "that he was prevented from filing his post-conviction proceeding sooner because 'of the mind impairment medication Risp[]erdal and the adverse effect that Wellbutrin [had] when tak[en] with Risperdal.'" *Id.* In *Turner I*, we concluded that, because the petitioner's claim of mental incapacity was "unsupported and [wa]s a 'mere assertion of a psychological problem,'" the petitioner had failed to establish entitlement to due process tolling of the statute of limitations for post-conviction proceedings. *Id.* The petitioner has presented no evidence that would warrant our reconsideration of this issue.

Moreover, even if we were inclined to revisit the petitioner's claim of due process tolling, we would conclude that the petitioner is not entitled to relief. Due process requires the tolling of the one-year statute of limitations when "a petitioner who was incompetent throughout the limitations period would be denied the opportunity to challenge his conviction in a meaningful manner." *Watkins v. State*, 903 S.W.2d 302, 307 (Tenn. 1995). In post-conviction proceedings, such as the one before us now, the applicable standard to determine competency

> is whether the prisoner possesses "the present capacity to appreciate [his or her] position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether the petitioner is suffering from a mental disease, disorder, or defect which may substantially affect the petitioner's capacity." Tenn. Sup. Ct. R. 28, § 11(B)(1). The question is not whether the prisoner is able to care for himself or herself, but whether the prisoner is able to make rational decisions concerning the management of his or her post-conviction appeals.

*Reid*, 396 S.W.3d at 512-13 (alteration in original);[1] *accord Chris Jones v. State*, No. W2017-00405-CCA-R3-PC, slip op. at 12-13 (Tenn. Crim. App., Jackson, June 27, 2018). At the outset of the inquiry, the court should presume the petitioner competent. *Reid*, 396 S.W.3d at 512 (citing Tenn. Sup. Ct. R. 28, § 11(B)(2); *In re Conservatorship of Groves*, 109 S.W.3d 317, 329-30 (Tenn. Ct. App. 2003)); *Chris Jones*, slip op. at 13. To overcome the presumption of competence, a petitioner "must make a prima facie showing that [he] is incompetent by submitting 'affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence.'" *Reid*, 396 S.W.3d at 512 (quoting *Holton v. State*, 201 S.W.3d 626, 634 (Tenn. 2006)); *Chris Jones*, slip op. at 13. Due process principles do not require tolling of the statute of limitations "upon the mere assertion of a psychological problem." *Nix*, 40 S.W.3d at 463. "Unsupported, conclusory, or general

---

[1] Prior to the supreme court's decision in *Reid*, the standard for determining when incompetency required tolling of the post-conviction statute of limitations was whether a petitioner "is unable either to manage his personal affairs or to understand his legal rights and liabilities." *Nix*, 40 S.W.3d at 463. In *Reid*, the supreme court clarified that the *Nix* standard was appropriately applied when it contained a rationality component and was "functionally identical to the standard embodied in [Tennessee Supreme Court Rule] 28, § 11(B)(1)." *Reid*, 396 S.W.3d 478, 514.

allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal . . . ." *Id.* at 464.

In the petition under review, the petitioner claimed that his opportunity to seek relief "has been blocked by other [c]ircumstances beyond his control." Namely, "[f]or a long period of time . . . the [p]etitioner was in a mental state caused by the drugs which made the passage of time and the daily life foggy and uncertain," which "caused [p]etitioner to fail to file timely [p]etitions." In support of his claim of mental incapacity, the petitioner exhibited to his petition a letter from the petitioner addressed to "Judge Steelman," in which the petitioner claimed that he "was on mental health medication that impair[ed] judgment, thinking and mental skill." The petitioner attached no other evidence to his petition supporting his assertion of mental impairment; however, the petitioner did attach additional exhibits to his brief, including a December 25, 2000 medical report from Erlanger Health System indicating that the petitioner "has bipolar disorder" and was taking "Darvocet, Wellbutrin, [Risperdal] and Cogentin" and a document indicating that Risperidone "can make you tired and affect your judgment, an effect that increases with dosage."

Because these exhibits were not attached to the petition filed in the post-conviction court, we cannot consider them as part of the record on appeal. *See State v. Matthews*, 805 S.W.2d 776, 783 (Tenn. Crim. App. 1990). However, even if we were to consider these documents, they are insufficient to support tolling of the statute of limitations on due process grounds. The medical report shows that the petitioner was taking certain medications on December 25, 2000. The petitioner pleaded guilty on March 14, 2001, at which point the limitations period for post-conviction relief began to run. The medical report does not establish whether the petitioner continued to take the medication during the limitations period or whether such medication mentally incapacitated the petitioner in any way. The document listing the possible side-effects of Risperidone indicates only that an effect to one's judgment is a possibility and does not state the possible extent of such impairment or show that the petitioner was so impaired. Therefore, the petitioner failed to allege sufficient facts showing that he was suffering from mental impairment when he decided to withdraw his first post-conviction petition or during the remaining period of limitation.

Because the petitioner has failed to establish sufficient grounds to warrant due process tolling of the post-conviction statute of limitations, the post-conviction court did not err by dismissing the petition as time-barred.

-11-

*Conclusion*

The petition for post-conviction relief, construed as a motion to reopen, a new post-conviction petition, or as a request for plain error review fails to meet the procedural requirements for post-conviction relief. For the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
JAMES CURWOOD WITT, JR., JUDGE